## 27065. DIXON *v.* THE STATE.

DECIDED OCTOBER 10, 1938.

*George W. Westmoreland,* for plaintiff in error.

*B. Frank Simpson,* solicitor-general, *Davis & Stephens,* contra.

GUERRY, J. The defendant was indicted for assault with intent to murder J. S. Moore. It appears that on the day in question, Moore, acting as a constable and by virtue of a dispossessory warrant issued by a justice of the peace, went to the residence of the defendant, moved his furniture and other personal belongings out into the yard, and nailed up the doors to the house. The position is taken in this court that the acts of Moore in the execution

of the dispossessory warrant constituted a wilful trespass; this for the reason (it is contended) that the dispossessory warrant was not served by a duly qualified officer authorized to perfect service, nor had it in fact been served upon the defendant in the manner contemplated by the Code, § 61-306; and it is insisted that, this being true, the defendant had the right to resist such forcible and unlawful invasion of his home and property with force. It is claimed that the defendant was deprived of this defense by the failure of the judge so to charge the jury, and by his receiving in evidence, over objection, the dispossessory warrant with the return of service thereon. We do not think it necessary to enter into a discussion of these questions; for even admitting, for the purposes of the present case, that the warrant had not been properly served upon the defendant, and by an officer authorized to perfect service as contended, and therefore that the acts of the prosecutor in moving defendant's personal goods from the house constituted a trespass, yet it does not seem that this can affect the guilt or innocence of the defendant of the assault made. Under all of the evidence and the defendant's statement, it appears that the defendant, who was not at home when Moore executed the warrant, "got word" that Moore was "up there drunk, cussing before my women folks;" that when he arrived and before the alleged assault, the trespass, if any, was over and the prosecutor was off of the premises and leaving the scene; that he asked the prosecutor, "Was he a white man?" to which the prosecutor replied "Yes;" and that he struck the prosecutor only when and because he reached for his pistol, no contention being made in the evidence or in the defendant's statement that the assault was made because of the execution of the warrant, or to prevent any further trespass on his property. Compare *McBride* v. *State,* 186 *Ga.* 826 (199 S. E. 153). The jury was authorized to find that the defendant struck the prosecutor in anger and with intent to kill, without justifiable cause.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*