## Ex parte C. G. GROUCH.

No. A-5255.  Opinion Filed March 7, 1925.
(233 Pac. 780.)

(Syllabus.)

1. **Punishment—Convict at Liberty, Where Sentence not Lawfully Stayed, May be Arrested as on Escape, and Ordered into Custody.** Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape, and ordered into custody on the unexecuted judgment.

2. **Same—Expiration of Time Without Imprisonment not Execution of Sentence.** Expiration of time without imprisonment is in no sense an execution of the sentence.

Petition of C. G. Grouch for writ of habeas corpus. Demurrer to petition sustained, and writ denied.

John B. Ogden, for petitioner.

John Barry, Asst. Atty. Gen., for respondent.

DOYLE, J.  Petitioner, C. G. Grouch, on August 4, 1924, filed in this court a petition alleging that he is unlawfully held in custody and imprisoned in the county jail of Carter county by E. C. London, sheriff; that the cause of said unlawful restraint is that on the 4th day of February, 1924, he was convicted in the county court of Carter county on a charge of unlawful possession of intoxicating liquor; that motion for new trial was duly filed; on February 13th the same was overruled and judgment rendered, sentencing petitioner to be confined for 30 days in the county jail and pay a fine of $50 and the costs; that notices of appeal were given, but no appeal was ever perfected, and on July 27, 1924, petitioner was placed in jail in execution of said sentence; that said imprisonment is unlawful for the following reasons: that petitioner at no time filed a bond to supersede said judgment and was at all times since said judgment was pronounced within the jurisdiction of the court; that by virtue of the fact that no case-made was signed and settled within the 120

days allowed by law to perfect an appeal, the same constituted notice to the court clerk, the county court, the county attorney, and said sheriff; that since the elapse of the 120 days from the date of said judgment and sentence more than 90 days have elapsed, and petitioner has been and remained in reach of said sheriff, and no attempt was made to arrest and imprison him until the 26th day of July, 1924; that on the 30th day of July, 1924, he filed petition for writ of habeas corpus in the district court of Carter county on the above grounds; and on the same day the writ was by said court denied.

To the petition herein the Attorney General demurred on the ground that the same does not state facts sufficient to entitle the petitioner to his discharge.

It has been held by numerous decisions of this court that where a person is by a court of competent jurisdiction sentenced to imprisonment as punishment for an offense and for any reason he is improperly at large, before serving his sentence, he may be arrested and imprisoned until the judgment is satisfied. Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967; Ex parte Steed, 6 Okla. Cr. 186, 117 P. 887; Ex parte Oliver, 11 Okla. Cr. 536, 149 P. 117; Ex parte Exelton, 16 Okla. Cr. 111, 180 P. 868.

In the case of Ex parte Eldridge, supra, it was held that—

"Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment."

Expiration of time without imprisonment is in no sense execution of the sentence. Upon the facts as stated in the petition, it appears that when the county court of Carter county issued the order of commitment, there was a valid and subsisting unexecuted judgment and sentence against

petitioner, and while petitioner was at all times within the jurisdiction of said court, upon his failure to perfect an appeal he did not demand that the commitment issue on said judgment, in order that the same might be carried into execution.

The judgment being valid and the sentence unserved, the commitment and execution of the sentence is a legal and valid imprisonment.

For the reason stated, the demurrer was and is sustained, and the application for writ of habeas corpus denied.

MATSON, P. J., and BESSEY, J., concur.