BROWN *v.* CLARKE, superintendent.

No. 8103. MARCH 13, 1931.

*Alex. S. Johnson,* for plaintiff.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general* and *J. W. LeCraw,* for defendant.

HINES, J. Nollie Brown, on August 6, 1929, entered a plea of guilty to the charge of vagrancy in the criminal court of Atlanta, and was sentenced to serve twelve months on the public works of Fulton County. On November 8, 1929, that court suspended this sentence at the discretion of the court. On September 24, 1930, the judge revoked his order suspending said sentence, upon the ground that the defendant had violated the condition upon which the sentence was suspended; and directed the sheriff to deliver him to the warden of the public works of Fulton County to serve the

remainder of his sentence. The defendant was so delivered by the sheriff. The defendant had served three months of his sentence when it was suspended. He filed his petition against Clarke as superintendent of the public works of said county, in which he sought by the writ of habeas corpus to be discharged from confinement and service upon the public works of said county, upon the ground that more than twelve months had expired since he began work under said sentence upon the chain-gang, that the order of the judge revoking the order suspending his sentence was null and void, as the judge had no legal right or authority to pass said order, and did not stop the running of the time of his sentence, for which reason his further detention was illegal.

The defendant having been released from custody under a void order of the court before completing service of his sentence, it was not error for the judge hearing the application for habeas corpus to adjudge that he be remanded to custody to serve the remainder of his sentence. Every phase of this question has been discussed and settled by prior adjudications of this court. *Conley* v. *Pope,* 161 *Ga.* 462 (131 S. E. 168) ; *Kemp* v. *Meads,* 162 *Ga.* 55 (132 S. E. 533) ; *Scott* v. *McClelland,* 162 *Ga.* 443 (133 S. E. 923) ; *Smith* v. *Jackson,* 164 *Ga.* 188 (138 S. E. 52) ; *Watters* v. *Betts,* 171 *Ga.* 826 (156 S. E. 671). His sentence was not tolled by the period during which he did not serve in the chain-gang by reason of the void order of the judge suspending his sentence; and he was properly remanded to serve the remainder of his sentence.

<div align="center">

*Judgment affirmed. All the Justices concur.*