ETHERIDGE *v.* POSTON, warden.

No. 9054. FEBRUARY 16, 1933.

*E. C. Smith Jr.,* and *Dixie Drake,* for plaintiff.

*H. G. Rawls,* for defendant.

BELL, J. This was a habeas-corpus case, in which R. G. Etheridge sought to be discharged from the custody of M. C. Poston, warden of the chain-gang of Seminole County. The judge of the superior court, after hearing evidence, passed an order remanding the applicant to the custody of the warden; and the applicant excepted. It appeared from the allegations of the petition that the authority claimed by the warden for holding the applicant in custody was a sentence of the Board of Commissioners of Roads and Revenues of Seminole County wherein the applicant was adjudged to be a road-tax defaulter. The sentence as introduced in evidence at the hearing was as follows: "Gordon Etheridge having been tried and found guilty and adjudged to be a road-tax defaulter, the' said Gordon Etheridge was sentenced by the board to serve a term of 25 days in the chain-gang of said county, from which he may be relieved upon the payment of the sum of $9.50 to include the costs; however, said sentence is suspended and the operation thereof is not to take effect until January 1, 1932; and if in the meantime the de-

fendant has paid the sum of $9.50 into the treasury of this court, he shall thereupon be relieved and discharged; otherwise he shall be suffered to serve the term of 25 days in the chain-gang." The following contentions are made in the bill of exceptions: (1) That the applicant had no summons or notice that he was about to be tried or was being tried, and therefore that he had not had his day in court. Upon this question there was evidence from the applicant himself that he "went before the county commissioners" and told them why he had not worked on the roads; that "it was either twice or three times that he went to see the county commissioners," and that he "got one summons to come before the county commissioners," and thinks he "was written a letter to come." He further testified that while he was there the chairman of the board did not pass a sentence upon him such as that quoted above, but that he understood that they gave him "until that time [January 1, 1932] to pay any part of it, if not but 50¢, and report back." The clerk of the board of commissioners testified that the sentence as quoted was recorded on the original minutes, and that this "judgment of the board was entered after a hearing had upon it with Etheridge present."

The other contentions are stated in the bill of exceptions as follows: (2) "That said sentence being dated November 3, 1931, and [the applicant] having been arrested on March 14, 1932; that since no certiorari had been issued, no motion for new trial pending, no attempt to enforce said sentence by arrest or otherwise until March 14, 1932; that he had not absconded, but had remained in Seminole County at all times; that he had been accessible and within reach of the authorities at all times; that he had not been notified in any manner or form of the passing of said sentence and did not know thereof; that for these reasons said sentence had expired." (3) "That said sentence providing that the same be suspended until January 1, 1932, thereby sentencing applicant to work 25 days in the year 1932 for the payment of 1931 road taxes, was void under the law." (4) "That in waiting until March 14, 1932, to notify applicant or to attempt to enforce said sentence which applicant knew not of, although said sentence was alleged to have been passed in November, 1931, that applicant's right to the writ of certiorari had expired, leaving applicant no other remedy except the writ of habeas corpus; applicant further contended at

said hearing that he had met all the requirements of law in answering the summons and appearing at the time and place designated therein to work the roads, and that at said time and said place the road-tax collector who issued said summons told applicant that he would notify him again as to the time and place of the working, which was never done; that applicant had appeared at every time and place authorized or directed by any of the county authorities, ready and willing to work the roads as provided by law, at all times; that he was not able and could not pay his road taxes, but that he was ready and willing to work as required by law." Under the rulings stated in the headnotes, which do not require elaboration, the judgment refusing to sustain the writ was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*