### 23978. CROSBY *v.* THE STATE.

BROYLES, C. J.  1. The overruling by the trial judge of the defendant's plea in abatement is not assigned as error in the petition for certiorari.  It follows that the ruling can not be reviewed by the superior court on the hearing of the certiorari, or subsequently by this court.

2. The judge of the criminal court of Bacon county is not disqualified to preside in a criminal case because, under the provisions of the act of 1929 (Ga. L. 1929, p. 394) authorizing the creation of the court, he receives for his services fees in lieu of a salary.  Nor is that act of the General Assembly illegal or in violation of section 4642 of the Civil Code of 1910, which disqualifies a judge from presiding in a case in which he is pecuniarily interested.  *Jordan* v. *State*, 172 *Ga.* 857, 858 (3) (159 S. E. 235).  Under this ruling the trial judge did not err in refusing to disqualify himself.

3. It was not error for the court to refuse the defendant's demand for "a jury of twenty-four from which to strike the panel to try him," and to require him to strike from a panel of twelve; the defendant being allowed four strikes, and the State two.  Act of 1929, supra, sec. 24; Penal Code (1910), § 854.

4. The evidence, while circumstantial, was sufficient to authorize the jury to find that it excluded every reasonable hypothesis save that of the defendant's guilt; and, the verdict of the jury having been approved by both the trial judge and the judge of the superior court, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed.  MacIntyre and Guerry, JJ., concur.*

DECIDED MAY 23, 1934.

*Andrew J. Tuten,* for plaintiff in error.

*A. B. Spence, solicitor-general, Homer L. Causey, C. A. Williams,* contra.