CROSBY *v.* COURSON, sheriff.

No. 10984. NOVEMBER 16, 1935.

*I. J. Bussell* and *A. J. Tuten,* for plaintiff.
*John S. Gibson, solicitor-general,* for defendant.

BELL, Justice. At the May term, 1929, of the superior court of Bacon County, Mage Crosby, the same person as M. B. Crosby, was indicted for the offense of violating the prohibition law by "illegally possessing wine." The indictment was transferred to the criminal court of the county, where the defendant was tried and convicted, and where the following sentence was imposed:

"Georgia, Bacon County,

The State
*v.*
Mage Crosby

Indictment in Bacon Superior Court, at May Term, 1929. Having Liquor. Transferred to County Criminal Court of Bacon County.

"Whereupon it is ordered, that the said Mage Crosby be and he is hereby sentenced to work in the chain-gang, on the public works or on other works as the county authorities of said county may employ the chain-gang, for the term of twelve months from

the date of his reception in said chain-gang, and· pay a fine of three hundred ($300) dollars. Upon ·payment of a fine of $300 within thirty days from this date the twelve (12) months on the chain-gang will be suspended during good behavior of the defendant herein named. This to· include all costs to the proper officers. This the 26th day of February, 1930.

"C. L. Sibley, Judge County Crim. Ct. Bacon County."

The defendant's petition for certiorari was denied by the superior court, and this judgment was affirmed by the Court of Appeals. *Crosby* v. *State,* 49 *Ga. App.* 210 (174 S. E. 721). The defendant did not pay the fine and did not offer to serve his sentence, but several times talked with the judge and the sheriff, stating that he could not pay the fine, and that if he were required · to pay the fine or serve on the chain-gang, he would have to do the latter. After his conviction he was accessible to the sheriff and to the court, having made "at least 1000 trips to the court-house" where he was tried, before he was arrested on May 25, 1935, by A. F. Courson, sheriff, for the purpose of being required to enter upon the service of .his sentence. Soon after his arrest, he filed in the court of ordinary an application against the sheriff for the writ of habeas corpus. To the refusal of the ordinary, after trial, to sustain the writ, the applicant excepted by a petition for certiorari, which the judge of the superior court refused to sanction, and the petitioner sued out the present bill of exceptions.

1. It is contended that the sentence was void as being contrary to public policy, in that it would prevent the defendant from having his case reviewed by the appellate court under a penalty of $300, when it would require more than 30 days to have the case so reviewed. There is no merit in this contention. In such a case the whole sentence may be superseded pending a review.

2. The part of the sentence relating to suspension did not purport to place the defendant on probation within the meaning of the act of August 16, 1913 (Ga. L. 1913, p. 112), and the judge had no power to suspend the sentence as stated. The effect of the sentence was thus to require the defendant to serve twelve months on the chain-gang and pay a fine of $300. *Conley* v. *Pope,* 161 *Ga.* 462 (131 S. E. 168) ; *Smith* v. *Jackson,* 164 *Ga.* 188 (138 S. E. 52) ; *Scott* v. *Griffin,* 170 *Ga.* 368 (153 S. E. 25) ; *Walters* v. *Betts,* 171 *Ga.* 826 (156 S. E. 671).

3. The penalties, being within the statute, were not void for excess, nor contrary to the constitutional provision that excessive fines shall not be imposed, nor cruel and unusual punishments inflicted. *Loeb* v. *Jennings,* 133 *Ga.* 796 (2) (67 S. E. 101, 18 Ann. Cas. 376).

4. By the act of March 24, 1933 (Ga. L. 1933, p. 266), it was declared that persons theretofore convicted "on whom sentence has been passed, but the execution of such sentence suspended by order of the trial court, shall be deemed probated offenders for the term of their respective sentences from the date of the passage of this act." The sentence here in question did not become a "probated" sentence within the meaning of this act, for the reason that the suspension was conditioned upon the payment of the fine, and the fine was never paid. The condition precedent not having been complied with, the part of the sentence relating to suspension was not affected by the act of 1933.

5. The sentence did not expire by lapse of time, where the defendant was never placed in the chain-gang, and made no offer to commence the execution of his sentence. *Etheridge* v. *Poston,* 176 *Ga.* 388 (168 S. E. 25).

6. The sentence not being a probation sentence, and the attempted suspension being invalid, the arrest of the defendant for the purpose of having him enter upon the service of the sentence was not invalid because a rule nisi was not issued, calling upon the defendant to show cause why the sentence should not be executed. *Hancock* v. *Rogers,* 140 *Ga.* 688 (3) (79 S. E. 558).

7. There is no merit in the contention that the defendant's arrest and detention was illegal because it amounted to an imprisonment for debt.

8. If the act of March 22, 1935 (Ga. L. 1935, p. 327), amounted to a repeal of the law under which the defendant was convicted, this did not nullify the sentence previously imposed against him. "All crimes shall be prosecuted and punished under the laws in force at the time of the commission thereof, notwithstanding the repeal of such laws before such trial takes place." Code of 1933, § 26-103. See also *Meyers* v. *Whitlle,* 171 *Ga.* 509 (156 S. E. 120); *Pennington* v. *Moore,* 179 *Ga.* 889 (177 S. E. 705); *Draper* v. *State,* 6 *Ga. App.* 12 (64 S. E. 117); U. S. *v.* Chambers, 291 U. S. 217 (54 Sup. Ct. 434, 78 L. ed. 763, 89

A. L. R. 1510, annotated, 1517) ; Massey v. U. S., 291 U. S. 608 (54 Sup. Ct. 532, 78 L. ed. 1019).

9. The record does not show that the defendant was in jail or otherwise incarcerated at the time of his trial under the indictment; and therefore the act of August 27, 1931 (Ga. L. 1931, p. 165), relating to the time from which a sentence shall be computed, is inapplicable. *Murphey* v. *Lowry,* 178 *Ga.* 138 (172 S. E. 457).

The court of ordinary did not err in remanding the prisoner to custody, and the judge of the superior court properly refused to sanction the petition for certiorari.

*Judgment affirmed. All the Justices concur.*