TURNER *v.* COURSON, sheriff.

No. 11139.   December 11, 1935.

*I. J. Bussell,* for plaintiff.
*John S. Gibson, solicitor-general,* for defendant.

Gilbert, Justice.   Garland Turner was indicted at the May term, 1933, of the superior court of Bacon County, for the offense of assault with intent to murder, and was tried and found guilty and sentenced to serve nine months on the chain-gang, subject to

be discharged at any time on paying a fine of $100. He filed a motion for new trial, which was overruled, and the case was taken to the Court of Appeals, where the judgment was affirmed on March 30, 1934. *Turner* v. *State,* 49 *Ga. App.* 15 (174 S. E. 193). The remittitur from that court was made the judgment of the trial court on May 26, 1934. Turner continued to live in the City of Alma without being confined in jail or serving on the chain-gang until about June 1, 1935, when he ran away to Florida. On the night of September 22, 1935, after the sheriff had made several trips to Florida to locate him, Turner was arrested in Alma, Georgia, and placed in jail. On the following day he filed in the court of ordinary of Bacon County a petition for the writ of habeas corpus, alleging that he had served his sentence of nine months from the date the remittitur of the Court of Appeals was made the judgment of the superior court of Bacon County, and that he had been released from custody by the sheriff of Bacon County on the promises of one Jones and one Butler to pay the fine of $100, which the sentence of the court provided might be paid in lieu of nine-months service on the chain-gang, and that his detention under arrest since September 22, 1935, was illegal. On the hearing the petitioner was remanded to the custody of the sheriff, and an application for the writ of certiorari was presented to the judge of the superior court of Bacon County. The judge refused to sanction it, and the petitioner excepted.

1. The evidence before the ordinary was conflicting on the issue of fact, that is, whether the officer or officers of court agreed to accept the promise of a third party to pay the fine, and that the petitioner was thereby discharged from the sentence.

2. The petitioner had not served any part of the sentence or paid the fine; and therefore he was not entitled to a discharge on habeas corpus. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175); *Short* v. *Dowling,* 138 *Ga.* 834; *Etheridge* v. *Poston,* 176 *Ga.* 388 (168 S. E. 25).

3. For the reasons above stated, the court did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. All the Justices concur.*