ALDREDGE, sheriff, *v.* POTTS.

No. 12400. NOVEMBER 17, 1938. REHEARING DENIED DECEMBER 3, 1938.

*John S. McClelland, solicitor,* and *Henry T. Golightly,* for plaintiff in error.

*Paul Crutchfield,* contra.

DUCKWORTH, Justice. On September 30, 1932, J. D. Potts entered in the criminal court of Atlanta a plea of guilty to a charge of abandonment, and was sentenced to serve twelve months on the public works of Fulton County. On the same day the court suspended this sentence, on the conditions that the defendant pay, through the Adult Probation Office of Fulton County, $4 per week for the support of his minor child, and that defendant should not move his place of abode without first notifying the probation offi-

cer, and that moving without notice would violate the order. On August 13, 1936, the court passed an order revoking the order of September 30, 1932, and directing the sheriff to deliver Potts to the warden of public works on the original sentence. On October 6, 1936, the court passed another order suspending the sentence on the same terms as stipulated in the original suspending order. On March 26, 1938, another order was passed by the court revoking the order of October 6, 1936, suspending sentence, and directing that the sheriff deliver the defendant to the warden of public works, to serve the remainder of the sentence of twelve months, as originally imposed. The defendant had served two months of his sentence, from August 13, 1936 to October 6, 1936. He filed his petition for habeas corpus, seeking discharge from confinement and service, on the ground that his detention was illegal, as more than twelve months has expired since the original sentence was imposed, and more than twelve months had expired since he began serving said sentence on August 13, 1936, and that the order revoking the order suspending his sentence was void.

■ The defendant having been released at different times from custody under void order of the court before completing his sentence, it was error on habeas corpus to order that he be released and discharged. As was said in *Brown* v. *Clarke,* 172 *Ga.* 524 (158 S. E. 3), "Every phase of this question has been discussed and settled by prior adjudications of this court. *Conley* v. *Pope,* 161 *Ga.* 462 (131 S. E. 168); *Kemp* v. *Meads,* 162 *Ga.* 55 (132 S. E. 533); *Scoll* v. *McClelland,* 162 *Ga.* 443 (133 S. E. 923); *Smith* v. *Jackson,* 164 *Ga.* 188 (138 S. E. 52); *Walters* v. *Betts,* 171 *Ga.* 826 (156 S. E. 671)." See also *Crosby* v. *Courson,* 181 *Ga.* 475 (182 S. E. 590). The sentence was not tolled by the periods during which the defendant did not serve in the works camp by reason of the void orders of suspension which the judge had signed. He should have been remanded to serve the remainder of his sentence.

■ The defendant contends that as his sentence was imposed under the terms of the act approved August 27, 1931 (Ga. L. 1931, p. 165), his sentence began to run on the day he was sentenced, and for that reason his term expired twelve months thereafter, regardless of whether he was actually serving or not. Before the act of 1931, supra, sentences did not begin to run until the de-

292

fendant was actually delivered to the penitentiary or chain-gang, and no credit was received for the time which may have been previously spent by such defendant in jail. It was this evil which the act sought to remedy, *Murphey* v. *Lowry,* 178 *Ga.* 138, 140 (172 S. E. 457); and the mere fact that the time of the beginning of the effective operation of the sentence is changed thereby does not effect any change in the ruling stated above.

*Judgment reversed. All the Justices concur.*