DIXON *v.* BEATY, warden.

No. 12926. September 15, 1939.

*George W. Westmoreland,* for plaintiff.

*Frank Simpson, solicitor-general,* and *C. E. Gregory Jr.,* for defendants.

Bell, Justice. On April 12, 1939, an application for the writ of habeas corpus was filed by Arthur Dixon against John Beaty, as warden of Jackson County, to obtain applicant's release from the chain-gang. After considering the application, together with the response and the evidence, the judge of the superior court remanded the applicant to custody, and he excepted. The following facts appeared, without dispute, from the pleadings and the evidence. Dixon was convicted of an offense in the superior court of Jackson County, and was sentenced to serve for six months in the chain-gang. His conviction was affirmed by the Court of Appeals on October 10, 1938. *Dixon* v. *State,* 58 *Ga. App.* 479 (199 S. E. 156). The superior court of Jackson County was in session at this time, and during this session Dixon's attorney advised him "that there was nothing else to do but get ready to make his time," at or about the same time calling the court's attention to the fact that the remittitur had not been returned; whereupon the judge stated that it would not be necessary to have judgment on the remittitur, but for Dixon to surrender himself to the sheriff and "go to making his time." Accordingly, on October 17, 1938, the applicant presented himself to the sheriff, and offered to commence the service of his sentence immediately. The sheriff stated that "he had no orders to take him, and as soon as he got orders . . would let him know." The applicant received "word" from the sheriff on March 3, 1939, and entered the chain-gang on March 6. The remittitur from the Court of Appeals was not filed in the office of the trial court until after October 21, 1938, the exact date not being shown. It was made the judgment of the trial court of January 17, 1939. The record does not show whether the sen-

tence itself contained anything to indicate the time when it should commence.

It is contended that the duration of the servitude should be computed from October 17, 1938, when the applicant offered to begin his service, and that the sentence of six months had thus expired before the filing of the application. Counsel for the applicant also presents the query as to whether, if the sentence did not begin on that date, then from what time it should be computed, whether from January 17, 1939, the date the remittitur was made the judgment of the trial court, or from March 6, 1939, the date the applicant actually entered the chain-gang? The case is not one involving a probation sentence; nor are we concerned with the act of August 27, 1931 (Ga. L. 1931, p. 165; Code, § 27-2505), relating to computation of sentence, the applicant as the defendant therein not having been incarcerated. *Murphey* v. *Lowry,* 178 *Ga.* 138 (172 S. E. 457) ; *Crosby* v. *Courson,* 181 *Ga.* 475 (9) (182 S. E. 590). The record being silent on the subject, the petition must be construed most strongly against the pleader, and on such construction it is presumed that the sentence did not provide for its commencement before entry of the applicant into the chain-gang. *Neal* v. *State,* 104 *Ga.* 509 (2), 517 (30 S. E. 358, 42 L. R. A. (N. S.) 190, 69 Am. St. R. 175) ; *Fortson* v. *Elbert County,* 117 *Ga.* 149, 151 (43 S. E. 492).

The decisions in *Etheridge* v. *Poston,* 176 *Ga.* 388 (2) (168 S. E. 25), and *Crosby* v. *Courson,* supra, so far as they refer to an offer to begin service, contemplate an offer consistent with valid terms of sentence and with law.

In *Wiggins* v. *Tyson,* 114 *Ga.* 64 (3) (39 S. E. 865), it was held: "If the judgment of the lower court in a criminal case is affirmed by this court, and the accused commences to serve his sentence before the remittitur from this court is received and filed by the clerk of the lower court, his term of service should be computed from the time the remittitur is filed in the lower court." The quoted ruling was concurred in by all the Justices, and is controlling, even if contrary to *Wiggins* v. *Tyson,* 112 *Ga.* 744 (2) (38 S. E. 86), decided by five Justices. Under that decision, Dixon could not lawfully have begun his sentence on October 17, the day he offered to do so, because the remittitur had not been filed in the trial court. Compare *Knox* v. *State,* 113 *Ga.* 929 (39

S. E. 330). Whether an offer made by him at some later time, but unaccepted, could have fixed the date for the beginning of his sentence, the offer as made on October 17 was premature and ineffectual. The promise of the sheriff, made at the same time, that he would send for the applicant or "let him know," was in like manner wholly without force as changing the status, then or afterwards, to one of servitude. The entire arrangement was void so far as working a substitute for service of the sentence as entered by the court. See *Neal* v. *State*, supra; *Short* v. *Dowling,*. 138 *Ga.* 834 (76 S. E. 359); *Hancock* v. *Rogers*, 140 *Ga.* 688 (79 S. E. 558); *Cook* v. *Jenkins*, 146 *Ga.* 704 (92 S. E. 48); *Brown* v. *Clarke*, 172 *Ga.* 524 (158 S. E. 3); *Turner* v. *Courson*, 181 *Ga.* 517 (182 S. E. 855). Nor did the mere oral direction by the judge for the applicant to surrender himself and begin "making his time" have the effect of modifying the sentence or the manner of its enforcement. *Conley* v. *Pope*, 161 *Ga.* 462 (3) (131 S. E. 168); *Mathews* v. *Swatts*, 16 *Ga. App.* 208 (84 S. E. 980). Nothing happened to initiate the service until March 6, 1939, when the applicant actually entered the chain-gang, in accordance with his sentence; and the time of his service should be computed from that date. The period had not expired at the time his application for the writ of habeas corpus was filed, or at the time of the hearing thereon. The court did not err in remanding the applicant to custody. The facts of the instant case are materially different from those in *Wimbish* v. *Reece*, 170 *Ga.* 64 (152 S. E. 97), where a probation sentence had expired by its terms; and in *Huffman* v. *Davison*, 183 *Ga.* 391 (188 S. E. 537), in which the applicant had obeyed directions of the mayor after entering upon sentence for a municipal offense.

*Judgment affirmed. All the Justices concur.*