CLARKE, warden, *v.* CARLAN.

No. 14547.  JUNE 10, 1943.

*Lindley W. Camp,* for plaintiff in error.
*W. George Thomas,* contra.

BELL, Presiding Justice. In *Aldredge* v. *Potts,* 187 *Ga.* 290 (200 S. E. 113), it was held: "Where one who entered a plea of guilty to a charge of abandonment, and was sentenced to serve twelve months on the public works, was released from custody on the same day he was sentenced, upon a void order suspending the sentence at the discretion of the court, and this order of suspension was revoked, and later another order revoking the revoking order caused the defendant to be released after having served only a part of his sentence, and subsequently another order of the same court, revoking the last order and directing that the defendant serve the remainder of his sentence, was passed at a date more than twelve months after the date of the sentence, and thereupon the defendant was again taken into custody to serve the remainder of his sentence, he was not entitled to discharge on habeas corpus on the ground that the term of service had expired, and that the order of revocation was void." It has been held several times by this court that a judge has no authority to suspend execution of a sentence imposed in a criminal case, except as incidental to a review of the judgment. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175); *Wall* v. *Jones,* 135 *Ga.* 425 (69 S. E. 548); *Conley* v. *Pope,* 161 *Ga.* 462 (4) (131 S. E. 168); *Smith* v. *Jackson,* 164 *Ga.* 188 (138 S. E. 52); *Wimbish* v. *Reece,* 170 *Ga.* 64 (152 S. E. 97). By section 1 of act approved August 16, 1913, it was declared that "In all prosecutions for crime, except as hereinafter provided, where the defendant has been convicted either upon a trial or upon his plea, where the court has power to sentence such defendant to the chain-gang, jail or other place of detention in this State, where it appears to the satisfaction of the court that the circumstances of the case and the public good does not demand or require the defendant's incarceration, said court may mold its sentence so as to allow the defendant to serve same outside the confines of the chain-gang, jail or other place of detention, under the supervision of the court, and in such manner and on such conditions as he may see fit, giving the reasons therefor, which shall be made part of the record." Code, § 27-2702. But it has also been held that this statute does not apply to a "suspended" sentence. *Kemp* v. *Meads,* 162 *Ga.* 55 (132 S. E. 533); *Crosby* v. *Courson,* 181 *Ga.* 475 (182 S. E. 590); *Avery* v. *State,* 22 *Ga. App.* 746 (2) (97 S. E. 204).

By section 2 of the act approved March 24, 1933, it was provided that "In all criminal cases in which the defendant shall be found guilty or in which a plea of guilty shall be entered, and the trial judge after imposing sentence shall further provide that the execution of such sentence shall be suspended, such provision shall have the effect of placing such defendant on probation as provided in" the act of 1913, supra. However, this act expressly excluded from its operation "cases arising under any action for abandonment or bastardy," and the applicant here was convicted of abandonment. Ga. L. 1933, p. 266, Code, § 27-2706.

The sentence in *Aldredge* v. *Potts,* supra, and the order suspending it, were entered on September 30, 1932, while the sentence and suspension order in the instant case were dated August 16, 1937, nearly five years later. It appears from agreed stipulation, as quoted in the statement, that "this practice [of suspending sentences] has been the custom of the court in meting out sentences in abandonment cases for a long period of time." In *Aldredge* v. *Potts,* it was ruled that such orders suspending sentences were void. It may be that the ruling in that case resulted in enactment of the law approved March 27, 1941, Ga. L. 1941, p. 481, Code Ann. 1941, § 27-2707, providing: "In all prosecutions for the offense of abandonment . ., where the defendant has been convicted . ., the court passing sentence upon such defendant may suspend such sentence in its discretion, upon terms providing for the support and maintenance of the child or children abandoned, . . and by order refer such cases to the county probation officer, who is hereby authorized and empowered to supervise and enforce the terms provided in such suspended sentence for the support and maintenance of the child or children abandoned . ., during the terms of the suspended sentence. . ." But this statute does not purport to be retroactive, and can not be construed as applying to the sentence here involved. Code, § 102-104; *Walker County Fertilizer Co.* v. *Napier,* 184 *Ga.* 861 (2) (193 S. E. 770); *United States Fidelity & Guaranty Co.* v. *Toombs County,* 187 *Ga.* 544 (3) (1 S. E. 2d, 411); *Crosby* v. *Courson,* 181 *Ga.* 475, 477 (8) (182 S. E. 590). The terms of the orders suspending sentences in the present case and in *Aldredge* v. *Potts* were the same. Each provided for suspension in the discretion of the court, upon condition that the defendant pay a stated sum "through the adult probation office" for

the support of his minor child or children; that the defendant should not move his place of abode without notifying the probation officer; and that moving without notice would violate the order. The order did not in either case purport to allow the defendant to serve the sentence outside of the place of service designated, but suspended the sentence on conditions specified. On the record, therefore, the cases are absolutely identical, except for a difference in dates, names, remainder of time to be served, and similar matters.

It is shown in the stipulation, however, that the defendant here "was referred to the probation officer," that the suspension orders were revoked on request of that officer after notice and hearing, and that "this has been the custom of the court in . . abandonment cases for a long period of time." We might say first that this agreed statement could not so alter the case as made by the record as to require a different result in this court. *Farmers Bank of Doerun* v. *Avery,* 145 *Ga.* 449 (89 S. E. 409); *Renfroe* v. *Butts,* 192 *Ga.* 720 (2) (16 S. E. 2d, 551); *Grace* v. *Interstate Bond Co.,* 193 *Ga.* 810 (20 S. E. 2d, 131). But even aside from this, the statement does not show that the original sentence or the suspension order passed in connection therewith was in word or letter different from what has been quoted from the record; and hence the fact that the defendant "was referred to the probation officer" can not be taken as showing a different sentence from that imposed in the *Potts* case. Moreover, the fact that the defendant was referred to the probation officer, however this may have been done, did not convert the sentence into a probation sentence any more than was done in the *Potts* case by the requirement, common to both cases, that the defendant pay a stated sum weekly "through the adult probation office." Nor is it material that the suspension was revoked on request of the probation officer, and that this case was handled by the court according to a custom that had existed for a long period of time. Accordingly, there is nothing to distinguish the instant case from the *Potts* case, and under the decision in that case the judge erred in ordering the applicant's discharge. The request to review and overrule the decision in the *Potts* case is denied.

In *Dixon* v. *Beaty,* 188 *Ga.* 689, 690 (4 S. E. 2d, 633), it was said that the decisions in *Etheridge* v. *Poston,* 176 *Ga.* 388 (2) (168 S. E. 25), and *Crosby* v. *Courson,* 181 *Ga.* 475 (5) (182 S.

E. 590), "so far as they refer to an offer to begin service, contemplate an offer consistent with valid terms of sentence, and with law." The conclusion here accords with the rulings in *Roper* v. *Mallard,* 193 *Ga.* 684 (19 S. E. 2d, 525).

*Judgment reversed. All the Justices concur.*