## 42979. McRAE v. THE STATE.

WHITMAN, Judge. The appellant, who is presently serving a five year sentence in the state prison as a result of a convic-

tion and sentence on October 21, 1964, for the offense of burglary, appeals from an order of the trial court overruling a motion (denominated an "Extraordinary Motion in Forma Pauperis") in which the appellant moved that a sentence he received October 12, 1965, for the offense of escape to run consecutively to the burglary sentence be set aside as null and void. *Held:*

1. The motion was filed on April 8, 1967, approximately eighteen months after the judgment of conviction and sentence for escape of which the appellant complains. A motion to set aside a verdict and judgment is not an appropriate remedy in a criminal case. *Waits v. State,* 204 Ga. 295 (49 SE2d 492). A motion in arrest of judgment must be filed at the term when the verdict and judgment are rendered, as the trial court has no power over the judgment after the term in which it was rendered has passed. *Spence v. State,* 7 Ga. App. 825 (1) (68 SE 443); *McEwen v. State,* 108 Ga. App. 352, 353 (1) (133 SE2d 38). The appellant's motion was not filed within the time provided by law to be considered as a motion for new trial. *Code Ann.* § 70-301 (Ga. L. 1965, pp. 18, 30). Finally, the motion does not contain the necessary allegations to receive consideration as an extraordinary motion for new trial. *Harris v. Roan,* 119 Ga. 379 (46 SE 433); *Code* § 70-303. Therefore, the motion was not timely filed and the judgment overruling it, being treated as a dismissal (*Lovett v. Vickers Bros.,* 24 Ga. App. 407 (100 SE 755)), the judgment of the trial court must be affirmed.

2. Even if we could find that the appellant had preserved his right of appeal, his enumerations of error are not meritorious. The enumerations raise the same points made in the "extraordinary motion," two of those points being: (1) That the trial judge was prejudiced against him and prejudged him guilty *ex parte* in June, 1965; and (2) that the appellant's court-appointed attorney refused to allow him to plead "not guilty" to the charge as he wished. Affidavits by the appellant's mother and wife relating to these points are attached to the motion.

The record before us shows on its face that a true bill was returned by the Carroll County grand jury during the October, 1965 term accusing Leedy McRae with the offense of escape on January 4, 1965, from the state penitentiary. The record further shows that to this indictment Leedy McRae plead

"not guilty" and that a jury trial was had thereon with the jury returning a verdict, to wit: "We, the jury, find the defendant guilty and fix his sentence at (1) year. October 12, 1965. John F. Lambert, Foreman." Thus it appears that a *jury*, not the judge, found the appellant guilty and fixed his punishment. In addition, "Alleged prejudice or bias of a trial judge which is not based on an interest either pecuniary or relationship to a party within a prohibited degree (*Code Ann.* § 24-102) affords no legal ground of disqualification." *Jones v. State,* 219 Ga. 848 (1) (136 SE2d 358).

The appellant's contention that he was not allowed to plead "not guilty" as he wished is refuted by the face of the indictment which shows that a plea of "not guilty" was entered and also by the fact that a jury trial was had which otherwise could not have occurred had the appellant plead "guilty."

3. The remaining enumerations of error are all addressed to an alleged failure of the trial court at the time appellant was sentenced for the offense of burglary to inform him in accordance with *Code Ann.* § 26-4514 (Ga. L. 1955, p. 474), which was a joint resolution of the legislature and not a law in the form of an Act, and which resolution provides: "Every prisoner shall be informed by the judge imposing the sentence the consequences of an escape or an attempt to escape under existing law and that an escape or an attempt to escape shall constitute a felony."

The appellant's contention in this respect is stated in his first enumeration of errors as follows: "Ga. Code P-474, Code Ann. Supp. Sec. 26-4514, passed by the 1955 Georgia legislature, makes it clear that unless a prisoner be informed by the sentencing judge that escape is a felony, then the prisoner cannot be tried for escape. The 1961 Georgia legislature modified the supplement to the above escape law to read that if a sentencing judge fails to inform a prisoner that escape is a felony, then if the prisoner does escape, the prisoner can only be tried as a misdemeanor."

*Code Ann.* § 26-4513 was amended in 1961 (Ga. L. 1961, p. 556) and *Code Ann.* § 26-4507 was amended in 1961 (Ga. L. 1961, p. 491). But neither these laws, nor the other laws relating to escape, nor the resolution relied upon by the appellant, were amended in 1961 or at any other time in any way whatsoever that would support the construction that, if a sentencing judge failed to inform a prisoner that escape is a felony, and

the prisoner thereafter escapes, he can then be tried only for a misdemeanor. That the resolution is not a mandatory requirement during sentencing follows from the case of *Peppers v. Balkcom,* 218 Ga. 749 (2c) (130 SE2d 709), wherein the court held that failure of the trial judge who imposed sentence to inform the prisoner of the consequences of an escape or attempted escape did not render the sentence void.

*Code Ann.* § 26-4507 (Ga. L. 1961, pp. 491, 492) declares escape from confinement to be a felony with punishment upon conviction by confinement and labor in the penitentiary for not less than one nor more than five years. The law presumes that everyone knows the law, and ignorance of the law is not an excuse for its violation. *Gurley v. State,* 65 Ga. 157; *Levar v. State,* 103 Ga. 42, 43 (3) (29 SE 467); *Fraser v. State,* 112 Ga. 13 (5) (37 SE 114); *Code* § 102-105.

 *Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 7, 1967—DECIDED SEPTEMBER 29, 1967.

Leedy McRae, *pro se.*

*Wright Lipford, Solicitor General,* for appellee.