### 33418. HUFF v. McLARTY.

HALL, Justice.

This is an appeal by the Sheriff of Clarke County, Georgia, from an order of the superior court in a habeas corpus action releasing McLarty from custody on the ground that the term of his probationary sentence had expired. The major issue presented concerns the time at which a sentence begins to run.

In 1973, McLarty was one of the "Athens Eight" who were arrested during a sit-in at the office of the President of the University of Georgia. McLarty was convicted of criminal trespass, and was sentenced to pay a $500 fine and to serve 12 months on probation. In *McLarty v. State,* 231 Ga. 444 (202 SE2d 37) (1973) this court affirmed the conviction. The remittitur from this court was duly sent down to the trial court, and was entered there on December 6, 1973. Subsequently, on December 13, 1973, this court was notified that McLarty was seeking review in the United States Supreme Court. This court issued no

supersedeas staying our judgment and received no notice of any supersedeas issued by the United States Supreme Court. During the period of the United States Supreme Court's review, McLarty was free and not under bond.

In June 1974, McLarty read in the newspaper that his appeal to the United States Supreme Court had been denied for lack of a substantial federal question. 417 U. S. 938 (94 SC 3062) (1974). He then presented himself in turn to the county solicitor and to the trial judge who sentenced him. With both men McLarty discussed beginning his sentence, and indicated that he did not have $500 and would like to pay his fine in installments. It should have been obvious to both men that McLarty's purpose in visiting them was that he stood ready to begin his sentence or to make necessary arrangements with them to do so, but both men told him erroneously that it was premature to do so, and that he must await the return of the remittitur from the United States Supreme Court. In fact, under these circumstances there is no remittitur from the United States Supreme Court.

Subsequent to his having presented himself to these officials, McLarty went about his business as a student at the University of Georgia, and was at all times available in the City of Athens where his probation was scheduled to be served. He heard nothing further concerning the sentence.

In March, 1975, the trial judge issued a bench warrant for his arrest for failure to pay the fine. His "probation" was then "revoked" and he was sentenced to serve 12 months in confinement. He was incarcerated on March 19, 1975, filed a habeas corpus action on March 20, 1975, and on that day was released after signing his own bond for $1,000. On May 21, 1975, a hearing was held on his petition. The habeas court ruled that the payment of the fine was not a condition precedent to his being allowed to serve his sentence on probation, and that his probationary period began to run on December 6, 1973, when the remittitur came down from this court. Consequently, the 12-month probationary period had ended before the county sought to incarcerate McLarty in March, 1975, and he was thus entitled to his release.

We agree with the habeas court's result although we

find that the term of probation began to run at a different time.

The sheriff is the appellant here. He (in his brief), and the head of the Athens probation office, the solicitor and the trial judge (the latter three in conversations with McLarty), were mistaken about two basic points, and those points control the result of this lawsuit. First, they all erred in taking the position that McLarty's payment of the $500 fine was a condition precedent to his being allowed to begin the period of probation. Second, the solicitor and the trial judge erred in refusing as premature his June, 1974 offer to begin his probation.

Considering the fine, the habeas court in its order correctly decided this issue as follows: "Condition 8 [among the conditions of probation written on the sentencing document, requires him] 'To Pay the Fine of $500.00 herein ordered . . .' At no place in Condition 8 or elsewhere on the sentencing document, is the Defendant given notice that the Court intended the payment or [psychiatric] evaluation to be a condition precedent. While . . . the Court may have lawfully required the payment of a fine as a condition precedent under Code § 27-2709, due process demands that the Defendant be made aware that said condition is in fact a condition precedent. There is no record that the trial court's intent was communicated to the Petitioner at the time of his sentencing."

We further find that at the habeas hearing the trial judge testified and acknowledged that there was nothing in the sentencing document which required that the fine be paid by any certain date, and nothing therein showed that it was a condition precedent to beginning probation. The judge testified merely that it was "the standard policy" to treat the fine as a condition precedent. The probation official testified that it was "the precedent that has been set by his [the trial judge's] court over the years. . ."

Such a policy may not lawfully be pursued where it amounts, as here, to varying the terms of the sentence actually imposed. "Sentences for criminal offenses shall be certain, definite, and free from ambiguity, and where the contrary appears, the benefit of the doubt shall be given the accused. [Cits.]" *Buice v. Bryan,* 212 Ga. 508,

509-510 (93 SE2d 676) (1956). Accord, *Cross v. Huff,* 208 Ga. 392 (67 SE2d 124) (1951). McLarty had the right to rely on the sentencing document, having been told nothing contradictory thereof at the time of sentencing. Because that document did not make the payment of the fine a condition precedent but showed it as merely one of several conditions of continuing probation, it was not a condition precedent. This demolishes the sheriff's argument here that for failure to pay the fine the probationary period never began to run.

That brings us to the next question, concerning when the period of probation did begin. The governing statute is Code Ann. § 27-2505 entitled "Time from which sentences run." In pertinent part that statute reads: "It shall be the duty of the several judges, in the imposition of sentence for violation of the penal laws, to specify that the term of service under such sentence shall be computed as from the date of sentence, provided the defendant is confined in jail or otherwise incarcerated, and has no appeal or motion for new trial pending, except in such cases as may be appealed to the State Court of Appeals or the Supreme Court for reversal of the conviction, in which event the sentence shall be computed from the date the remittitur of the appellate court is made the judgment of the court in which the conviction is had, provided the defendant is not at liberty under bond but is incarcerated or in custody of the sheriff of the county where convicted: . . ." As an initial matter, we think the only reasonable construction of the term "Supreme Court" in the statute means the Georgia Supreme Court and not the United States Supreme Court.

The last quoted proviso, "provided the defendant is not at liberty under bond" must be construed to mean not at liberty under bond *or otherwise* to give effect to the obvious statutory intent which is that the sentence shall not begin when the remittitur from the appellate court is made the judgment of the trial court, for defendants who are then still at large. Those defendants at large shall not receive credit for any time before entering upon their incarceration or other penalty. *Dixon v. Beaty,* 188 Ga. 689 (4 SE2d 633) (1939). See also *Aldredge v. Potts,* 187 Ga. 290 (200 SE 113) (1938). Under this proviso, whether McLarty was on bond or not at the time the remittitur

from this court went down, it is plain that he was not in custody, and therefore the time of his sentence could not immediately begin, but must await some act which would cause it to begin. What act might that be? The statute does not say.

It is clear that it need not be an act of the state. A sentence is not voided because of the state's delay in attempting to enforce it. *Etheridge v. Poston,* 176 Ga. 388 (168 SE 25) (1933). This appears to be a prevelant rule. E.g., Ex parte Grouch, 29 Okla. Crim. 343 (233 P 780) (1925); Miller v. Evans, 115 Iowa 101 (88 NW 198) (1901). Of course, there is some point at which a state's unreasonable delay will be deemed to prevent later enforcement of the sentence. E.g. Yates v. Buchanan, 170 S2d 72 (Fla. App. 1965). Where the state makes no move to initiate the sentence, the defendant must offer himself up if he wishes the term to begin to run. Moreover, an offer which is premature because the sentence may not yet be put into effect, is ineffective and may not be deemed continuing. E.g., *Dixon v. Beaty,* supra, 188 Ga. at 690-691. The defendant's offer must come at a time when the sentence may lawfully be put into effect. See *Crosby v. Courson,* 181 Ga. 475 (182 SE 590) (1935); *Etheridge v. Poston,* supra. See generally Annot., Effect of Delay in Taking Defendant into Custody after Conviction and Sentence, 98 ALR2d 687 (1964).

We conclude under these authorities that since the payment of the fine was not a condition precedent to beginning the period of probation, that period began to run in June, 1974, when McLarty presented himself to the county authorities. His offer was not premature, and would actually have been effective at any time after the remittitur on December 6, 1973. The officials' erroneous belief that his offer was premature did not validate their refusal to begin the probationary period at that time. Accordingly, McLarty is entitled to credit on his probationary period for all time after that day in June, 1974. On that day, the duty devolved onto the county to institute formally his probation. See Code Ann. § 27-2710. The probation official, testifying at the habeas hearing, acknowledged that no action whatever in this regard had been taken, because of the (erroneous) belief that the fine

must first be paid.

Because the county officials admit that they never properly instituted his probation and never explained its terms and requirements to him (see Code Ann. § 27-2710), and because the fine was not lawfully required to be paid by any certain date, the officials had no right in March, 1975 to "revoke" the "probation" for his alleged failure to comply with its terms. See *Hinton v. State*, 127 Ga. App. 853 (195 SE2d 472) (1973). His confinement pursuant to the bench warrant was unlawful, and the habeas judge correctly held him entitled to his release.

The probationary period of 12 months was thus completed in June, 1975, which is now long past. At any point during that 12 months the county officials had the right formally to institute his probation and its reporting and other requirements for the remainder of the period, and by so doing to compel his compliance with its terms and conditions. They never did so. The period now having expired, the sentence is completed and McLarty is entitled to his full release.

One point remains concerning the $500 fine which is still unpaid. The sentencing document enumerated payment of the fine as the eighth condition of probation. Additionally, the sentence contained this separate paragraph, following the probation conditions: "It is further ordered by the Court that the defendant pay a fine of $500.00."

We think this paragraph must be construed as a further sentence of the court, independent of the 12 months confinement/probation. McLarty therefore owes and must pay the fine.

The order of the habeas court discharging McLarty from custody is affirmed. However, we order that the habeas court amend its judgment to require payment of the $500 fine.

*Affirmed and remanded with direction. All the Justices concur, except Hill, J., who concurs in the judgment only, and Nichols, C. J., Bowles and Marshall, JJ., who dissent.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 28, 1978.

*Ken Stula,* for appellant.
*Galis, Timmons, Andrews & Head, John W. Timmons, Jr.,* for appellee.

BOWLES, Justice, dissenting.

McLarty was properly charged, tried and convicted of a misdemeanor. The following specific written sentence was imposed and signed by the trial judge:

"The defendant being before the Bar of the Court and showing no reason why the sentence of the Court should not be pronounced;

"It is, thereupon, considered, ordered and adjudged by the Court that the said Lawrence Scott McLarty be, and hereby is, sentenced to confinement in (the Clarke County Public Works Camp) (such institution under the jurisdiction of the State Board of Corrections as the Director of Corrections may direct), where the said defendant shall be confined at labor for a term of 12 months, to be computed according to law.

"It is further ordered that the said defendant be committed to the common jail of said County, there to be kept in close custody until demanded by the proper authorities.

"The court having examined the cause, it is further ordered that the above sentence may be served on probation provided said defendant does not violate the criminal laws of any governmental unit during said period and be of general good behavior; and, further provided, that said defendant complies with the following special conditions herein imposed by the Court as a part of this sentence.

"1 thru 7 (customary probation requirements).

"8. Pay the Fine of $500.00 herein ordered.

"It is further ordered by the Court that the defendant be required to be evaluated and treated at the nearest Georgia Regional Mental Health Facility.

"It is further ordered by the court that the defendant pay a fine of $500.00.

"Further ordered C. Anderson is hereby appointed Probation Officer of said defendant, as provided by law.

"It is further order of the Court and the defendant is

hereby advised that the Court may at any time amend, alter, revoke or modify any conditions of this probation or change the period of probation and may discharge the defendant from probation. The probationer shall be subject to arrest for violation of any condition of probation herein granted. If such probation is revoked, the Court may order the execution of the sentence which was originally imposed, or any portion thereof, in the manner provided by law."

Following conviction, McLarty appealed his sentence to the Supreme Court of the State of Georgia, and his conviction was unanimously affirmed. *McLarty v. State,* 231 Ga. 444 (202 SE2d 37).

Upon filing notice of that appeal, a supersedeas bond was set at $1,000. The defendant has been free since that time until arrested under a bench warrant to begin serving his sentence.

Following the affirmance of his conviction by the Supreme Court of Georgia, he additionally filed an appeal to the Supreme Court of the United States which was denied.

He never surrendered his person to the sheriff or to his probation officer, until after a bench warrant had been issued for his arrest at which time he turned himself in. He then brought a petition for habeas corpus and was again released under special bond approved by the court in that proceeding on March 20, 1975. At all times he has been represented by counsel, and his counsel was notified of the actions of both appellate courts.

The majority opinion says that after his appeal was denied by the United States Supreme Court he "presented" himself in turn to the county solicitor and to the trial judge. His own testimony in respect to each "presentation," shows only an effort on his part to have the sentence modified or reduced and there is no evidence that he offered himself for the purpose of commencing to serve the sentence imposed. Both contracts were made out of court at the private law offices of each court officer. The solicitor told him in regard to his appeals, ". . . in any event that whenever the time runs out, his attorney will let him know when the time is out and he will *have to report."* (Emphasis supplied.) The solicitor then referred him to the

450

trial judge. The judge's testimony does not support any offer on defendant's part to begin his probation. The probation officer testified affirmatively that the defendant made no contact with his office until after the bench warrant was issued for his arrest. The defendant's testimony in his own behalf shows no offer of surrender but merely covers contacts with the judge to get his sentence modified.

Any reasonable construction of the written sentence given to the defendant would conclude that he was given a straight sentence of twelve months' confinement and a $500 fine. *"Every fine imposed by the court under authority of this Code shall be paid immediately* or within such reasonable time as the court may direct." (Emphasis supplied.) Code Ann. § 27-2901.

The alternate sentence granted him permission to serve the straight sentence on probation. It "further provided, that said defendant complies with the following special conditions herein imposed by the Court as a part of this sentence": therein naming other requirements to be carried out during the probation period, and a specific requirement that the fine of $500 otherwise imposed on the defendant is paid. These plain words and the mandate of Code Ann. § 27-2901 mean that the probation sentence was permissive upon the fine being paid immediately.

Irrespective of our differences in the interpretation of words having ordinary significance and meaning, the defendant has neither served the twelve months' confinement sentence nor has he served any probationary sentence. When allowed freedom under supersedeas bond, he was required to surrender himself to abide the final judgment in the case. There is no duty required by law that the state otherwise notify him, or arrest him though it may be permissible for the state to do so. The supersedeas bond is his solemn agreement to present himself to abide the final judgment of the court. Until he has done so he has not complied with the law. It is my view that he cannot complain about not knowing the terms of his probation sentence until he surrenders himself for the purpose. There is no guarantee under the Constitution nor any statute that requires the speedy serving of a sentence. The delay has been occasioned by the convicted

party's appeal and his own choice to remain free. The conclusion of the majority opinion that he "stood ready to begin his sentence" is pure surmise. After trial, term and appeal, the trial judge has very little authority over the sentence. Code Ann. §§ 27-2502 and 27-2709. Indeed had the judge after sentence issued a specific order releasing him from confinement it could not be credited on his sentence and the time of release under it would not count. *Aldredge v. Potts,* 187 Ga. 290 (200 SE 113) (1938); *Brown v. Clark,* 172 Ga. 524 (158 SE 3) (1931) and cits.

Code Ann. § 27-2505 quoted in the majority opinion provides that the sentence shall be computed from the date the remittitur of the appellate court is made the judgment of the court in which the conviction is had, *provided the defendant is not at liberty under bond but is incarcerated or in custody of the sheriff of the county where convicted.*

The fallacy of the majority holding is that the sentence began to run when "McLarty presented himself to the county authorities." Out-of-court efforts to compromise or modify his sentence is not presenting himself to serve an imposed sentence, probation or otherwise.

Even then if the probation period of one year began June, 1974, it was not completed on March 20, 1975, when he was arrested and again released on bond at his own request.

The conclusion of the majority that the defendant must now pay the original $500 fine appears to be an apology to the people of this state in allowing a convicted person to otherwise escape most of his responsibility.

I am authorized to state that Chief Justice Nichols and Justice Marshall join in this dissent.