### 76627. MAXWELL v. THE STATE.
(374 SE2d 800)

SOGNIER, Judge.

Thomas McKinley Maxwell appeals from the trial court's order requiring him to report to the Cobb County Sheriff to begin serving a jail sentence.

The record reveals that on March 27, 1986, appellant pleaded guilty to the offenses of driving under the influence and driving without insurance. A judge of the State Court of Cobb County, sitting pro hac vice, sentenced Maxwell to pay a fine of $1,350 and to serve "24 months probation—fine paid over probation. 3 months in custody beginning 3/31/86." This sentence was not recorded on the usual preprinted sentence form but was handwritten by the judge on the face of the accusation.

Appellant made arrangements with his employer for leave, and on March 31, 1986, he reported to the jail and requested to be taken into custody to begin serving his sentence. The Sheriff's Department refused to take him into custody, and he was told to go home, which he did after consulting with his attorney. On April 28, 1986, appellant met with his probation officer, and continued to report regularly thereafter. On April 29, 1986 an order was signed by another judge of the Cobb County State Court outside the presence of appellant, which purported to clarify the March 27, 1986 order, but which, unlike the original order, made completion of the three-month jail term a condition of the probation. On August 31, 1987, yet a third order was signed by another judge, which was entered September 1, 1987, purporting to clarify the original sentence, and finding that appellant had completed his probation but was still required to serve three months' incarceration, to begin January 5, 1988. That order provided that "the Court is setting a date certain for the [appellant's] arrest and incarceration which will allow the [appellant] to once again put his affairs in order and also to raise any proper legal challenges and have them heard prior to serving the sentence." On January 15, such a hearing was held, at the request of appellant, to hear those challenges, which were denied.

1. The State has moved to dismiss the appeal, alleging that because this appeal was not filed until January 15, 1988, four and one-half months after the trial court's order, the appeal was not timely. However, although the order was entered on September 1, 1987, its very terms stayed its effect until January 5, 1988, both to give appellant a period of time to once again put his personal affairs in order, and also to permit appellant to raise his objections to the order, as of January 5, 1988. As appellant was expressly invited to do so, and as he filed this appeal within the prescribed time after January 5, 1988, the State's motion to dismiss the appeal is denied.

2. We need not consider the validity of the April 29, 1986 order, as the State conceded at the hearing that it was improper. Appellant contends the trial court erred by ordering him to serve three months' incarceration in its September 1, 1987 order, because his sentence began to run when he offered himself up to begin serving his sentence. We agree with appellant that the holding in *Huff v. McLarty*, 241 Ga. 442 (246 SE2d 302) (1978) is applicable to the facts of this case. As in *McLarty*, appellant surrendered himself to the proper authorities at the time when his sentence actually and properly began; as in *McLarty*, the authorities erroneously declined to incarcerate him. Appellant was not trying to evade serving his time. He reported on the appointed day and requested to be taken into custody. Further, the State knew where he was and that he was available, after they sent him home, since he was reporting to his probation officer. Both here

and in *McLarty* the defendant did all the State may require or expect of him, and the State, through its own erroneous conduct, thereby lost its right to incarcerate appellant for the "three months in custody beginning 3/31/86" which was his sentence.

Tacking the jail term on to the end of the probationary period here was not a mere "rearrangement" of appellant's sentence, as urged by the State. Instead, it materially and impermissibly changed the sentence. The original sentence pronounced and recorded on March 27, 1986 was quite specific. It called for 24 months probation, with a fine of $1,350 paid over the probation, and *3 months in custody beginning March 31, 1986*. While a trial court has the inherent power to revise or modify its judgments during the same term of court, *LeCraw v. Atlanta Arts Alliance*, 126 Ga. App. 656, 663 (191 SE2d 572) (1972), the September 1, 1987 order was clearly not entered during the same two-month term of the Cobb County State Court. See Ga. L. 1979, p. 3481, § 1A. Although it is well-settled that a sentencing court retains jurisdiction to correct an *error* on its records beyond the original term of court, *Hopper v. Williams*, 238 Ga. 612 (234 SE2d 525) (1977), there was no error in the original sentence. There was no reason why the original sentence should not have been effectuated as written, and no further orders were needed to make the original order "speak the truth." Consequently, the trial court lacked authority to enter the September 1, 1987 order. Its only purpose was to try to rectify the State's own mistake in refusing to take appellant into custody on the date his sentence was to begin, or any time thereafter. This was not an allowable purpose, and thus the September 1, 1987 order changing the sentence, clearly not entered in the same term of court, was impermissible. Accordingly, the trial court's judgment must be reversed.

3. Appellant's remaining enumerations of error are rendered moot by our decision in Division 2.

*Judgment reversed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Pope and Benham, JJ., concur. Beasley, concurs in Divisions 2 and 3 and in the judgment. Deen, P. J., and Carley, J., dissent.*

DEEN, Presiding Judge, dissenting.

1. In its order of August 31, 1987, the trial court delayed enforcement of the "in-custody" portion of the appellant's sentence, so that the appellant could "put his affairs in order and also to raise any proper legal challenges and have them heard prior to serving the sentence." One most reasonably would understand from that language that the appellant was required to raise any challenges timely from the date of that order, and not from the future date scheduled for serving the "in-custody" portion of the sentence.

However, the appellant's motion to set aside the order of August

31, 1987, was not filed until January 11, 1988, almost four and one-half months after the order. "A motion to set aside a . . . judgment is not an appropriate remedy in a criminal case. [Cits.] A motion in arrest of judgment must be filed at the term when the verdict and judgment are rendered, as the trial court has no power over the judgment after the term in which it was rendered has passed. [Cits.] The appellant's motion was not filed within the time provided by law to be considered as a motion for new trial. [Cits.] Finally, the motion does not contain the necessary allegations to receive consideration as an extraordinary motion for new trial. [Cits.] Therefore, the motion was not timely filed and the judgment overruling it, being treated as a dismissal [cit.], the judgment of the trial court must be affirmed." *McRae v. State*, 116 Ga. App. 407, 408 (157 SE2d 646) (1967). See also *Palmer v. State*, 144 Ga. App. 480 (241 SE2d 597) (1978).

The State Court of Cobb County has two-month terms. Ga. L. 1979, pp. 3481, 3483. The appellant's motion to set aside, construed as an appropriate motion in arrest of judgment, was not filed within the same term as that in which the challenged order was entered. Thus, as in *McRae*, we should treat the trial court's judgment overruling the motion as a dismissal, and that judgment of the trial court should be affirmed.

2. Nevertheless, even if the appellant's challenge to the order of August 31, 1987, was timely, I believe that the trial court's denial of that motion should be affirmed. "A sentence is not voided because of the state's delay in attempting to enforce it. *Etheridge v. Poston*, 176 Ga. 388 (168 SE 25) (1933). This appears to be a prevalent rule. E.g., *Ex parte Grouch*, 29 Okla. Crim. 343 (233 P 780) (1925); *Miller v. Evans*, 115 Iowa 101 (88 NW 198) (1901). Of course, there is some point at which a state's unreasonable delay will be deemed to prevent later enforcement of the sentence. E.g., *Yates v. Buchanan*, 170 S2d 72 (Fla. App. 1965). Where the state makes no move to initiate the sentence, the defendant must offer himself up if he wishes the term to begin to run. Moreover, an offer which is premature because the sentence may not yet be put into effect is ineffective and may not be deemed continuing. E.g., *Dixon v. Beaty*, supra, 188 Ga. at 690-691. The defendant's offer must come at a time when the sentence may lawfully be put into effect. See *Crosby v. Courson*, 181 Ga. 475 (182 SE 590) (1935); *Etheridge v. Poston*, supra. See generally Annot., Effect of Delay in Taking Defendant into Custody after Conviction and Sentence, 98 ALR2d 687 (1964)." *Huff v. McLarty*, 241 Ga. 442, 446 (246 SE2d 302) (1978).

In *Huff v. McLarty*, where the defendant offered himself up to begin serving his sentence of probation, but both the solicitor and the trial judge erroneously told him that it was premature to begin serving the sentence, the Supreme Court found that the defendant's sen-

tence had begun to run when the defendant offered himself up. Maxwell contends that as in *Huff v. McLarty*, his sentence began to run when he presented himself to the sheriff's department on March 31, 1986, and thus his jail term has been served. The trial court actually found that Maxwell's sentence began to run on March 27, 1986, but considered only the probation part to have been served by Maxwell.

In *Huff v. McLarty*, the State erroneously prevented the defendant from serving any of his sentence; in the instant case, the State erroneously declined to incarcerate Maxwell on March 31, 1986, but it is uncontroverted that the probation part of the sentence was formally implemented promptly thereafter. In short, the State's action in this case merely rearranged the order in which Maxwell was to complete the sentence. As found by the trial court, Maxwell still owes the State 3 months in jail, a debt that Maxwell actually negotiated for prior to pleading guilty, and that debt must be paid. I concur with that conclusion.

For the above reasons, I must respectfully dissent.

I am authorized to state that Judge Carley joins in this dissent as to Division 1.

DECIDED OCTOBER 19, 1988.

*Jack J. Menendez*, for appellant.

*Patrick H. Head, Solicitor, Melodie H. Clayton, Victoria S. Aronow, Assistant Solicitors*, for appellee.