28147. ALONSO v. THE STATE.
28148. ALONSO v. THE STATE.
28149. LETZSCH v. THE STATE.
28150. McCOMMONS v. THE STATE.
28151. McLARTY v. THE STATE.
28152. PATRICK v. THE STATE.
28153. SEARCY v. THE STATE.
28154. WALKER v. THE STATE.

JORDAN, Justice. On May 3, 1972, appellants, joined by approximately forty other students and faculty representatives, came to the offices of Dr. Fred Davison, President of the University of Georgia, for the purpose of presenting him with a petition and to discuss and hopefully resolve certain housing disputes that had arisen on the University campus. Upon arrival, appellants and those accompanying them were met by Mr. Albert Jones, Assistant to the President, and informed that President Davison was attending a meeting in Atlanta and would not return until the following day. It appears from the record that at this time the delegation was spread throughout the President's offices, including approximately fifteen who were milling around the President's inner office. After assuring them that the President would receive their petition upon his return, Mr. Jones discussed with these students their grievances concerning the housing policies, and informed them that the President would see them the following morning. Approximately an hour after the appellants had originally entered the office, Mr. Jones requested that they leave. This the appellants refused to do. After further discussion Mr. Jones again told the group that they should leave.

Mr. Edward T. Kassinger, Director of Public Safety at the University of Georgia, was also present. He inquired of the President's secretary and Mr. Jones' secretary as to whether their work was being interrupted. Both secretaries replied in the affirmative. He then informed all those present that they were

interfering with the function of the office, and that they would have to leave. It appears from the record that Mr. Kassinger repeated his warning of their impending arrest three times. After the third time he offered the appellants and the others that were present five minutes to discuss what their ultimate decision would be. It was at this point that appellant David Alonso said, "We don't need to discuss it. We will vote on it. All in favor of staying and being arrested, say aye." After this request for a vote the crowd unanimously responded that they would stay. It was at this time that Mr. Dean of the University Public Safety Division was instructed to proceed with the arrest. Evidence also appears in the record, though somewhat in conflict, that all those present in the office had the opportunity to leave at any time prior to their final arrest, yet it appears from the record that none of the appellants chose to do so. Appellants David Kent Alonso, Phillip Alonso, W. Stephen Letzsch, R. M. (Pete) McCommons, L. Scott McLarty, Stephen L. Patrick, Charles M. Searcy, and C. Michael Walker were charged with the offense of criminal trespass in that they violated Code Ann. § 26-1503 in that they failed to leave the offices of the University President after receiving an order to leave. Appellants were tried for this offense on February 14, 1972, resulting in their conviction with varying sentences to be served on probation and the payment of fines from which they appeal.

1. The appellants' claim that the trial court erred in denying their motion to quash the indictment on the ground that Georgia's criminal trespass statute (Ga. L. 1969, pp. 857, 859; Code Ann. § 26-1503 (b) (3)) is unconstitutional as being vague, overbroad, and violative per se of appellants' First Amendment rights and as applied to the appellants in the instant case. Code Ann. § 26-1503 (b) (3) was held constitutional by this court in *Daniel v. State,* 231 Ga. 270 under a similar factual situtation. See also *Mixon v. State,* 226 Ga. 869 (1) (178 SE2d 189). The statute was not applied unconstitutionally to the appellants here under the facts of this case. It appears that the appellants were given an opportunity to speak with President Davison's assistant, submit their petition, wait in another area, and that they were arrested only after being asked to leave by one authorized to do so and after being given ample time to comply with said request. The fact that appellants were on public property at the time they were requested to leave is immaterial. See Adderley v. Florida, 385 U. S. 39 (87 SC 242, 17 LE2d 149). It has been held many

times, both here and in the United States Supreme Court, that the rights protected by the First Amendment to the United States Constitution, though fundamental, are not absolute, and must be tempered to a degree by the concepts of order and a healthy respect for the rights of other citizens. The constitutional attacks here made are without merit.

2. Appellants make other enumerations of error, including the contention that they were not allowed a thorough and sifting cross examination (No. 5), improper comments by the district attorney (No. 6 and No. 7), failure to adequately charge the First Amendment (No. 9), justification as a defense (No. 12), and entrapment as a defense (No. 13), that the court erred in giving certain other charges (Nos. 8, 10, and 11), and erred in allowing evidence as to the conduct of certain other persons in the group not on trial (No. 4). We have carefully examined these contentions in the light of the record and the authorities cited and find no reversible error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED NOVEMBER 8, 1973 — REHEARING DENIED NOVEMBER 29, 1973.

*Alexander & Jarrard, Alan M. Alexander, James C. Warnes,* for appellants.

*Ken Stula, Solicitor,* for appellee.

*Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* amicus curiae.

