## 67245. BROOKS v. THE STATE.
## 67246. JOHNSON v. THE STATE.

CARLEY, Judge.

Accusations were filed which alleged that appellants had committed the crime of criminal trespass, in that they "did knowingly and without authority remain upon the premises of Board of Regents, University System of Georgia, operating as Atlanta Junior College, located at 1630 Stewart Avenue, S. W., after receiving notice from [Dean] Charles F. Easley, properly identified and authorized representative of said owner of such premises, to depart from said premises . . ." See OCGA § 16-7-21 (b) (3). Appellants, who are neither students nor faculty members of the college, were tried before a jury and found guilty. Appellants' motions for new trial were denied and they filed separate notices of appeal. Their appeals are hereby consolidated for disposition in this single opinion.

1. Appellants enumerate as error the denial of their motion to dismiss the accusations brought against them. The motion to dismiss essentially asserted that appellants were being accused of violating the "wrong code section" and were to be tried for an "[in]appropriate charge." The gist of appellant's argument is that the only "appropriate charge" which could have been lodged against them was for violating OCGA § 16-11-35, which deals specifically with the offense of failing to leave the campus or facility of a unit of the University System when directed to do so. Appellants characterize their argument in this regard as being one of "preemption": When there is a refusal to follow the directive to leave the campus of a state college, the general criminal trespass provision of OCGA § 16-7-21 (b) (3) is "preempted" by the specific provisions of OCGA § 16-11-35.

It is clear that there is no constitutional impediment to the enforcement of the general criminal trespass statute on state college campuses. See *Alonso v. State*, 231 Ga. 444 (202 SE2d 37) (1973). Adderly v. Florida, 385 U. S. 39, 47-48 (87 SC 242, 17 LE2d 149) (1966), a decision which concerned a "peaceful" demonstration on public property and which was relied upon in *Alonso v. State*, supra, contains the following relevant language: "The State, no less than a private owner of property, has power to preserve the property under

its control for the use to which it is lawfully dedicated . . . [We reject] the assumption that people who want to propagandize protests or views have a constitutional right to do so whenever and however and wherever they please . . . The United States Constitution does not forbid a State to control the use of its property for its own lawful nondiscriminatory purpose."

Accordingly, the question presented for resolution in the instant cases is whether the campuses of state colleges have been statutorily removed from the ambit of OCGA § 16-7-21 (b) (3), under the general provisions of which a criminal conviction would be authorized for the mere act of peacefully remaining on public property for the purpose of engaging in activities other than those to which the property has been dedicated. *Alonso v. State*, supra. Stated differently, the issue is whether, by enactment of OCGA § 16-11-35, the legislature intended that the act of remaining on State college campuses for other than authorized educational purposes be criminalized only in the event that such presence also coincides with the commission or intent to commit "any act likely to interfere with the peaceful conduct of the activities of the campus . . ." OCGA § 16-11-35 (a). Appellants contend that under our existing statutory framework, one who otherwise has no interest in the authorized educational activities which are taking place on a State college campus may not lawfully be directed to leave the premises so long as his presence is peaceful and not disruptive.

The General Assembly may "amend an existing law by implication ([cit.]); but such amendments are not favored ([cit.]), and never occur except where the later act is clearly and indubitably contrary to the existing law." *Brinkley v. Dixie Constr. Co.*, 205 Ga. 415, 416 (54 SE2d 267) (1940). It would appear that if the General Assembly had intended to exempt state colleges from the ambit of the general trespass law, it would have specifically amended that statute. It did not do so. Instead, the General Assembly added OCGA § 16-11-35 to the existing body of the criminal law by amending that chapter of the Criminal Code which relates to disorderly conduct.

OCGA § 16-7-21 (b) (3) and OCGA § 16-11-35 (a) are not conflicting but coexist in harmony. As discussed above, the legislative intent of OCGA § 16-7-21 (b) (3) is to criminalize an act of peaceful but unauthorized continued *presence* on public property for purposes other than those to which the property has been dedicated. *Alonso v. State*, supra. On the other hand, the obvious intent of OCGA § 16-11-35 is to criminalize an act of continued unauthorized presence on State college campuses when that presence has or might result in the *disruption* of the peaceful conduct of the educational activities taking place there. The right to exclude presence, even for the purpose of conducting peaceful but unauthorized activities, derives from the

State's power as a property owner to limit the *use of public property* to that for which it has been dedicated. Adderly v. Florida, supra. The right to exclude unauthorized disruptive presence on state college campuses derives from the power to protect the peaceful conduct of those educational *activities* which have been authorized to take place there. We do not interpret the enactment of OCGA § 16-11-35 as evincing a legislative intent to relinquish the inherent right of the State to bar the use of its public college campuses by those whose even peaceful activities would, in the opinion of the officials charged with administration, not be in conformity with the educational objectives of the facilities. To the contrary, OCGA § 16-11-35 is an expansion of the protection otherwise afforded the public's property interest in its educational facilities and insures that the pursuit of authorized educational activities, as well as the property itself, will be free from unauthorized invasion. OCGA § 16-7-21 (b) (3) protects college campuses from unauthorized *use*, and OCGA § 16-11-35 protects college activities from unauthorized *disruption*.

Appellants do not contend that they had official authorization to use the campus of the Atlanta Junior College for the pursuit of their own personal activities. They do not contest the authority of Dean Easley to request their departure. They do not deny that they refused to leave the facility after being asked to do so. This evidence authorized a finding that appellants violated the public property interest protected by OCGA § 16-7-21 (b) (3), regardless of the fact that their unauthorized activities may have posed no threat to the otherwise peaceful conduct of college activities protected by OCGA § 16-11-35. The trial court did not err in denying appellants' motions to dismiss the accusations on the ground that the "wrong" crime had been charged.

2. Appellants also unsuccessfully moved to dismiss the accusations on the ground of selective prosecution. "Some selective enforcement is not in itself a constitutional violation. [Cit.] To be a constitutional violation, the selective enforcement must represent an intentional and purposeful discrimination based upon some unjustifiable standard such as race, religion, or other arbitrary classification. [Cits.]" *Sabel v. State*, 250 Ga. 640, 643 (300 SE2d 663) (1983). Appellants offered no evidence that any others without authority to use the campus of the Atlanta Junior College had ever been asked to leave the premises and, after refusing to do so, had not been prosecuted.

Appellants urge in essence that, simply because they hold unpopular political beliefs, it must follow that the request that they leave the campus was for this "arbitrary" reason. It is undisputed that appellants' presence on the campus was unauthorized and that they have no constitutional right to express their views whenever, however

and wherever they please. Adderly v. Florida, supra. OCGA § 16-7-21 (b) (3) contemplates that the State may control the use of its property for its own nondiscriminatory purposes and, if appellants' presence on the campus of the educational facility was not authorized, they are afforded no greater protection from prosecution simply because their political views are unpopular. Under OCGA § 16-7-21 (b) (3) the owner or his authorized representative is entitled to request a person unauthorized to use the premises to vacate and, in the absence of any evidence that the officials of the Atlanta Junior College have been "selective" in enforcing the right to have the campus free from any and all unauthorized use, appellants' motion was correctly denied. "We find no such purposeful discrimination in this case." *Sabel v. State*, supra at 643.

*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 6, 1984 —
REHEARING DENIED MARCH 23, 1984 — ▮▮▮▮▮▮▮▮

*Kenneth R. Croy, Howard J. Manchel*, for appellants.
*James L. Webb, Solicitor, E. Duane Cooper, Assistant Solicitor*, for appellee.