### 74416. DeLAPUENTE v. THE STATE.
(357 SE2d 155)

BANKE, Presiding Judge.

DeLapuente, a native of Cuba, pled guilty to unlawful possession of cocaine with intent to distribute and theft by receiving stolen property. After he was sentenced, he obtained a new attorney and moved to withdraw his guilty pleas on the ground that he had entered them without being advised of the elements of the offenses. This appeal is from the denial of that motion.

A review of the transcript reveals that the defendant entered his pleas knowingly and voluntarily. Although he did not speak fluent English, he had Spanish-speaking counsel and was provided an interpreter. Through the interpreter, the defendant orally acknowledged that he had committed the offenses, that he had been afforded an opportunity to consult with his attorney, that he understood the maximum punishment which could be imposed on each offense, and that he understood the trial court was not bound by any sentencing recommendation made by the state's attorney. Moreover, through the aid of his interpreter and prior to entering his plea, he signed an "Arraign-

ment Form" evidencing his understanding of his rights.

A defendant may withdraw his plea of guilty as a matter of right before sentence is pronounced. See generally OCGA § 17-7-93. However, "[a]fter the pronouncement of a sentence a ruling on a motion to withdraw a guilty plea is within the sound discretion of the trial court. This discretion will not be disturbed on appeal unless manifestly abused." *Crump v. State*, 154 Ga. App. 359, 360 (268 SE2d 411) (1980). We find no such abuse of discretion in this case.

*Judgment affirmed. Carley and Benham, JJ., concur.*

### DECIDED MAY 5, 1987.

*Hugh E. Smith, Jr., Thomas R. Moran*, for appellant.

*Lewis R. Slaton, District Attorney, Paul L. Howard, Jr., H. Allen Moye, Assistant District Attorneys*, for appellee.