### A89A1336. HOPE v. THE STATE.
(387 SE2d 414)

BEASLEY, Judge.

Hope appeals his conviction for criminal trespass at Hartsfield Airport (OCGA § 16-7-21 (b) (2)).

Hope had been convicted of the offense of criminal trespass committed on four separate occasions at Hartsfield Airport and the records of these convictions were introduced at his trial here. Part of his sentencing in one of these was his agreement, evidenced by his affidavit signed on March 15, 1988, witnessed by his lawyer and the solicitor, that "I shall not occupy any portions of the Hartsfield Airport (sic), specifically the baggage areas. I have been advised that a violation of this provision will cause an arrest of my person. Further, I

am aware that this notice is being conveyed to airport authority."

On November 16, 1988, Atlanta police Detective Hannah, who knew defendant as "Rady Williams" and had dealt with him before at the airport, encountered him sitting in the airport CNN Center at about 5:30 a.m. and arrested him.

Detective Hannah had told defendant on the occasions of his prior four arrests for trespass not to return to the airport.[1] Detective Hannah was also present on October 25, 1987 when Mr. Evans, the Supervisor of the Department of Operations at the airport, told defendant not to return. The airport is owned by the City of Atlanta.

Defendant testified, admitting his prior arrests and sentencing. He acknowledged that the judge had sentenced him to stay away from the airport and that Detective Hannah did not want him there, contending that Hannah had a grudge against him. On the night of November 16, he had been released from the Clayton County jail at midnight and was stopped by a Clayton County officer who gave him a ride to the airport to catch MARTA.

1. Defendant's first three enumerations deal with whether the officer or the judge of Clayton State Court were "authorized representatives of the owner or rightful occupant" as required by OCGA § 16-7-21 (b) (2); the denial of his motion for new trial; and his contention that he could not be excluded from a public place.

(a) The motion for new trial presents a procedural issue not addressed by either party but potentially affecting our jurisdiction. Defendant's present counsel was appointed to represent him below. He conducted the trial and, on the day sentence was imposed, February 10, 1989, filed the Notice of Appeal.

On February 24, defendant filed his pro se Motion for New Trial on the general grounds and alleging two trial failures of his counsel. It was heard on March 15. Counsel participated only as a witness concerning the trial tactics. The court held that "the defendant is not capable of representing himself and that Attorney Bradley is to continue handling his appeal and is to be in full control of defendant's case." The motion was denied and the attorney was directed to proceed with the appeal.

Thus, we are confronted with the issue of our jurisdiction, based on both a timely notice of appeal and a timely motion for new trial filed and ruled upon thereafter. See generally *Shirley v. State*, 188 Ga. App. 357 (1) (373 SE2d 257) (1988). The timely filing of the motion for new trial made the otherwise timely notice of appeal premature, but it ripened when the judge's denial of the motion was en-

---

[1] The judge hearing this case was the judge in the previous cases and said on the record, out of the jury's presence, that he had told defendant not to return to the airport; this was not evidence.

tered. *Atkinson v. State*, 170 Ga. App. 260 (1) (316 SE2d 592) (1984).

(b) Defendant's contention concerning Detective Hannah's authority is not that the detective was without authority to make the arrest, see *State v. Giangregorio*, 181 Ga. App. 324 (352 SE2d 193) (1986), but that there was no showing that the City of Atlanta, owner of the airport, had specifically authorized him to prohibit Hope from going onto the airport property.

Municipalities are empowered and authorized by the Constitution to provide police protection, public transportation, and terminal facilities. Ga. Const. Art. IX, Sec. II, Par. III. Atlanta has done so. Ga. Laws 1973, p. 2188 et seq. (Act reincorporating Atlanta.) Appendix I, Pars. (9) & (14) provide for the acquisition, operation, regulation, and control of airports by Atlanta, and Par. (32) provides for the "preservation and protection of property and equipment of the City and the administration and use of same by the public, and to prescribe penalties and punishment for violations thereof . . . ."

Defendant did not dispute at trial that the airport is owned by the City; his argument was that the detective and the judge who sentenced him and prohibited his return to the airport were not owner, occupant, or authorized representatives. However, a police officer, whether possessing power of arrest or not, is a representative of the city of which he is a sworn officer while protecting the property of that city, wherever located. See authorities cited in *Giangregorio*, supra at 326 (special concurrence).

An officer holds, at a minimum, the same status with regard to criminal trespass as does a maintenance man or security guard for a private owner. *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983); *W. L. N. v. State*, 170 Ga. App. 689 (1) (318 SE2d 80) (1984); cf. *Watson v. State*, 190 Ga. App. 671 (371 SE2d 811) (1989). Further, in October 1987, the supervisor of the Department of Aviation Operations of the airport advised defendant in the presence of Detective Hannah not to return. This also was sufficient notice. See *State v. Raybon*, 242 Ga. 858 (252 SE2d 417) (1979).

*Bowman v. State*, 258 Ga. 829 (376 SE2d 187) (1989) is of no help to defendant. It holds instead that, having been ordered from a private place, one's belief that he is standing on public property from which he has not been ordered to move by public authority may negate the requisite intent.

Such is not the situation here. First, there was sufficient evidence that defendant knew he was banned from the airport. Second, he was arrested in the CNN Center in the airport, not from one of the public concourses used to access the boarding areas or MARTA transportation. Defendant's position that access to "public areas" may never be restricted is not tenable. *Adderley v. Florida*, 385 U. S. 39, 47 (87 SC 242, 17 LE2d 149) (1966); *Alonso v. State*, 231 Ga. 444 (202 SE2d 37)

(1973).

The evidence was sufficient.

2. The fourth enumeration contends that the prosecution and court failed to abide by USCR 31.3 in that defendant's four prior convictions for criminal trespass at the airport were impermissibly admitted.

During the State's case, the prior convictions were not introduced. Defendant testified, but did not put his character into issue on direct examination. OCGA § 24-9-20 (b); see generally *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988). His testimony did, however, raise the issue of his knowledge that he was not to go on airport premises. He was asked during cross-examination if he had ever been told by anyone not to occupy any portion of the airport. He answered that he had "[n]ever written that statement." In response, the prosecution tendered the affidavit, quoted above, which he had signed.

The only objections voiced against this evidence were that it was not relevant and that the document was not authenticated; neither was meritorious.

Thereafter, the prosecution elicited that Detective Hannah had told defendant not to return to the airport and that he had been incarcerated for doing so. Objection was made that the State was improperly injecting character and a motion for mistrial was made and denied. The denial of the motion is not argued here, even were we to consider it embraced within the enumeration, and it will not be further considered. Rule 15 (e) (2). *Harris v. State*, 186 Ga. App. 756, 757 (3) (368 SE2d 527) (1988).

It was only when the certified copies of the prior offenses were tendered that it was contended that the notice required by USCR 31.3 (A) had not been given and that they had been tendered without the court's conducting the hearing mandated by USCR 31.3 (B). Counsel for defendant did not dispute that he had received copies of the four other accusations and sentences, only that the required "Notice of Intent" had not been filed. The failure to comply with that rule is the only error enumerated.

USCR 31.3 (E) provides that "[n]othing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses." See *Jones*, supra. The notice required by that rule is not applicable to an impeachment situation. *Hernandez v. State*, 182 Ga. App. 797 (357 SE2d 131) (1987); see *Minter v. State*, 258 Ga. 629 (373 SE2d 359) (1988). The introduction of defendant's affidavit was appropriate impeachment and no compliance was required. *Cooper v. State*, 188 Ga. App. 629 (2) (373 SE2d 796) (1988).

The door having been opened to this area of inquiry by proper cross-examination and counsel having acknowledged that he received copies of the objected-to evidence, the failure to file the notice as to

the other convictions is not harmful and presents no reversible error. *Todd v. State*, 189 Ga. App. 538, 539 (1) (376 SE2d 917) (1988).

3. Finally, defendant contends that the court erred in not dismissing the accusation upon oral motion made in mid-trial. The accusation did not allege the name of the person or persons who had given him notice not to return to the airport. The list of witnesses contained only the name of Detective Hannah. When the admonition of Evans came to light through Hannah's testimony, defendant moved to dismiss the accusation because it "fails to state who gave him notice," adding that his defense was based on Hannah's giving notice and he was surprised by evidence about Evans.

"A demurrer to an indictment may be general or special. A general demurrer challenges the very validity of the indictment and may be raised anytime; the special objects merely to its form or seeks more information and must be raised before pleading to the indictment." *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977). Special demurrers are required to be in writing and made before pleading to the indictment or they are waived. OCGA § 17-7-111; *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983).

Defendant's complaint qualifies only as a special demurrer and was waived. See *Gower v. State*, 71 Ga. App. 127, 129 (2) (30 SE2d 298) (1944). Further, considering the ruling in Division 1 concerning Detective Hannah's authority, there would have been no error in any event. *Miller v. State*, 182 Ga. App. 700, 701 (356 SE2d 900) (1987).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 16, 1989.

*James W. Bradley*, for appellant.
*Keith C. Martin, Solicitor*, for appellee.