A97A1129. HOPE v. THE STATE.
(486 SE2d 658)

McMURRAY, Presiding Judge.

Arondel Hope, also known as Rady Williams, appeals pro se the criminal convictions rendered against him by a jury in Clayton County State Court. Based on incidents which occurred at that part of Hartsfield International Airport which lies in Clayton County, the jury convicted him on two counts of criminal trespass (OCGA § 16-7-21 (b) (2)), two counts of misdemeanor obstruction of a law enforcement officer (OCGA § 16-10-24 (a)), and one count of disorderly conduct by use of "fighting words" (OCGA § 16-11-39 (a) (3)). *Held*:

1. In his first enumeration, Hope claims the State Court of Clayton County had no jurisdiction over these offenses. Because these offenses occurred at the airport, which is owned and operated by the City of Atlanta, Hope contends the Atlanta City Court had sole jurisdiction of the matters. This enumeration is without merit. The Solicitor-General filed these accusations against Hope charging misdemeanor violations of state law. Evidence at trial showed the offenses took place at that part of the airport within Clayton County. The trial court properly took jurisdiction pursuant to OCGA § 15-7-4, which states in relevant part: "Each state court shall have jurisdiction, within the territorial limits of the county or counties for which it was created, and concurrent with the superior courts, over the following matters: (1) the trial of criminal cases below the grade of felony. . . ." Hope's vague references to the City of Atlanta's "home rule" powers have no impact on this case. See OCGA § 36-35-6 (a) (6), holding that home rule powers do not affect the jurisdiction of courts.

In conjunction with this enumeration of error, Hope argues that City of Atlanta police officers had no authority to arrest him for these offenses. This Court rejected a similar contention in *Hope v. State*, 193 Ga. App. 202, 203 (1), 204 (b) (387 SE2d 414) (1989), in which Hope argued Atlanta detectives had no authority to arrest him for criminal trespass at the Atlanta airport. See also *State v. Giangregorio*, 181 Ga. App. 324, 325 (352 SE2d 193) (1986) (physical precedent only).

2. Hope also contends his trial attorney provided ineffective assistance. To sustain that claim, Hope was required to 1) overcome the strong presumption that his appointed counsel provided reasonably effective assistance and 2) show a "reasonable probability" that the attorney's errors changed the outcome of the case. *Stanley v. State*, 222 Ga. App. 750, 751 (476 SE2d 58) (1996).

At his motion for new trial hearing, Hope argued his attorney had failed to procure certain airport lease documents and subpoena certain airport officials; he claimed these documents and witnesses would have shown he had authority to be at the airport. He also claimed the attorney failed to challenge the authority of the officers to arrest him. The appointed attorney testified that he did obtain the requested documents and found nothing in them to support Hope's defense. The requested witnesses, according to the attorney, would only have damaged Hope's position. The attorney was not ineffective for failing to present the desired evidence. Contrary to appellant's arguments, the attorney did not abandon Hope, but rather acted within his authority by making tactical and trial strategy decisions after consulting with his client. See *Reddin v. State*, 223 Ga. App. 148, 151 (3) (476 SE2d 882) (1996). As we held in Division 1, any challenge to the officers' authority to arrest would have been fruitless. Therefore, the trial court's determination that Hope's trial counsel was reasonably effective was not clearly erroneous. Id.

3. Hope's final enumeration claims the trial court was "biased" against him. By failing to make any argument or cite any authority in support of this claim, Hope abandoned it. Court of Appeals Rule 27 (c) (2). The remaining arguments raised in Hope's brief were not enumerated as error and will not be considered. See *Strickland v. State*, 221 Ga. App. 120, 121 (1) (470 SE2d 508) (1996).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MAY 8, 1997.

Before Judge Cowen.

Arondel Hope, *pro se*.

*Keith C. Martin, Solicitor, Evelyn Proctor, Assistant Solicitor*, for appellee.