## A99A0947. HOPE v. THE STATE.
### (521 SE2d 372)

RUFFIN, Judge.

After the trial court declared a mistrial, Arondel Hope pled guilty to criminal trespass. Following sentencing, Hope attempted to withdraw his guilty plea. On appeal, Hope enumerates three errors. For reasons that follow, we affirm.

On the second day of Hope's trial, the court declared a mistrial because the brother of one of the jurors had sustained critical injuries in an automobile accident. The court explained, "[b]ecause of the fact that she [a juror] is excused, we do not obviously, have enough jurors in the case to decide the case." After consultation off the record with counsel, Hope decided not to proceed with only five jurors. After declaring the mistrial, the court stated that the retrial would start that afternoon. Hope then attempted, without success, to obtain a 48-hour continuance in order to subpoena additional witnesses. After the completion of voir dire in the second trial, Hope opted to enter a guilty plea.

1. Hope contends that the trial court's declaration of a mistrial subjected him to double jeopardy. We disagree.

Upon a showing of good cause, a trial court may exercise its discretion in discharging a juror. *Baptiste v. State*, 190 Ga. App. 451, 453 (2) (379 SE2d 165) (1989). Although Hope contends that the trial court erred in failing to make an inquiry on the record before dismissing the juror, Hope never raised any objection to the trial court's action. Nor has Hope shown that the court abused its discretion by excusing the juror. Where a defendant fails to timely object to the declaration of mistrial, "he may not thereafter utilize the mistrial as the basis of a plea of double jeopardy." *State v. Johnson*, 267 Ga. 305 (477 SE2d 579) (1996). Since manifest necessity caused the mistrial here, the retrial did not constitute double jeopardy. *Orvis v. State*, 237 Ga. 6, 8-9 (2) (226 SE2d 570) (1976). Accordingly, no procedural bar to retrial arose. Id.

2. The record refutes Hope's claim that his guilty plea was not knowingly, freely, and voluntarily made as he now claims. In his motion to withdraw the plea, Hope did not assert that his plea had not been voluntarily made; instead he claimed that he "changed his mind and now desires an acquittal on double jeopardy grounds or trial by jury." He also contended that a manifest injustice would result unless he was permitted to withdraw the plea.

Hope informed the court that his plea was being entered freely and voluntarily and of his own accord with a full understanding of the charge and his rights. The State proffered the factual basis for the charges by offering evidence that after an officer ordered Hope to leave the airport and issued a criminal trespass warning, Hope, nevertheless, returned to the airport a few hours later. The court found that Hope understood the consequences of entering his plea and that the plea had been knowingly and voluntarily entered and had a sufficient factual basis. Hope then signed an agreement not to return to Atlanta Hartsfield International Airport except for the authorized purpose of travel when he had an airline ticket. This agreement was incorporated into the sentence.

After pronouncement of sentence, the withdrawal of a guilty plea lies within the trial court's sound discretion. *DeLapuente v. State*, 182 Ga. App. 808, 809 (357 SE2d 155) (1987). See generally OCGA § 17-7-93 (b). The court's exercise of this discretion will not be disturbed unless manifestly abused. *Thomas v. State*, 231 Ga. 298, 300 (201 SE2d 415) (1973). We find no such abuse of discretion in this case. See *State v. Evans*, 265 Ga. 332, 336 (3) (454 SE2d 468) (1995); *DeLapuente*, supra.

3. Hope asserts that he was prejudiced by receiving ineffective assistance of counsel.

To establish ineffectiveness, an appellant must show not only that his counsel's performance was deficient, but also that the deficiency prejudiced him. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997). Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffectiveness claim. *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997). A defendant must overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional conduct. *Ross v. State*, 231 Ga. App. 793, 795 (1) (499 SE2d 642) (1998).

(a) Hope claims that his counsel was ineffective for failing to subpoena certain witnesses. At the motion hearing, counsel testified that he had been made aware of only two witnesses. Counsel explained that he did not subpoena those two persons because after interviewing them he felt that they had no information that would be beneficial to Hope.

Notwithstanding Hope's claim that he had informed his counsel about ten other witnesses, his counsel testified otherwise. Counsel cannot be faulted for not subpoenaing witnesses about whom he had no knowledge. Counsel's decision not to subpoena the two airport officials as defense witnesses was a matter of trial tactics and did not constitute ineffectiveness. *Reddin v. State*, 223 Ga. App. 148, 151 (3) (a) (476 SE2d 882) (1996); see *Hope v. State*, 226 Ga. App. 392, 393

(486 SE2d 658) (1997).

(b) Hope asserts that his counsel was ineffective for failing to object to the mistrial or the retrial. But any such objection would have been futile since retrial was not improper.

(c) Hope contends that his counsel was ineffective for failing to properly advise him that he was being banned for life from the airport premises.

Notwithstanding Hope's assertion regarding his so-called "lifetime ban" from the airport, we find no such ban exists. The trial court merged the two counts of criminal trespass and sentenced Hope to serve ten months incarceration. Nothing in the sentence form purports to impose a lifetime ban. In the addendum attached to the sentencing form, Hope acknowledged: "I am not to return to the airport and have been given notice that I am not allowed to return to the airport except for [the] authorized purpose of travel (must have ticket)." See *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). Because the terms or conditions of probation cannot exceed the maximum sentence authorized for the underlying offense, no lifetime ban could have been imposed. See OCGA § 17-10-1 (a) (1); *Ballenger v. State*, 210 Ga. App. 627, 629 (3) (436 SE2d 793) (1993); *Johnson v. State*, 226 Ga. App. 503, 504 (487 SE2d 90) (1997). Accordingly, we affirm.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 27, 1999

*Richard D. Wilson, Gladys H. Pollard*, for appellant.

*Keith C. Martin, Solicitor, Kimberly A. Gross, Assistant Solicitor*, for appellee.