A01A1781. WILLIAMS v. THE STATE.
(571 SE2d 571)

BARNES, Judge.

Rady Williams a/k/a Arondel Hope appeals pro se his conviction of criminal trespass at the Atlanta airport, his fifteenth such conviction. This Court has already published three opinions addressing Williams' appeals of prior convictions.[1] Regarding this latest conviction, Williams contends (1) the trial court erred in failing to "make inquiry on the record related to [his] right to subpoena material witnesses"; (2) his trial counsel was ineffective; and (3) "prejudice and bias of [the] court toward Appellant." For the reasons that follow we affirm.

The evidence at trial showed that Williams was arrested and convicted numerous times in the past for criminal trespass after repeatedly offering limousine services without a license to passengers at the airport and being asked not to return. In 1998, Williams signed a paper agreeing not to return to the airport unless he was traveling and had an airplane ticket. In August 2000, Williams went to the airport, entered the office of the general manager for the Department of Aviation, and asked to speak to the general manager. After the receptionist told him the manager would be in a meeting for an hour or two, Williams said he would return then and left. The receptionist called the operations director because she knew about

---

[1] *Hope v. State*, 239 Ga. App. 331 (521 SE2d 372) (1999); *Hope v. State*, 226 Ga. App. 392 (486 SE2d 658) (1997); *Hope v. State*, 193 Ga. App. 202 (387 SE2d 414) (1989).

Williams' long history with the airport and because he made her uneasy. The operations director contacted the police. When Williams returned to the airport, he was arrested for criminal trespass.

1. While Williams raises many issues in his brief that were not included in his enumerations of error, we will not consider those additional arguments. "Enumerations of error cannot be enlarged to include other issues not asserted, and appellate review cannot be enlarged or transformed through switching, shifting, or mending one's hold." (Citations omitted.) *Williams v. State*, 208 Ga. App. 153, 154 (1) (430 SE2d 42) (1993).

2. Williams contends the trial court erred in failing to inquire on the record regarding his right to subpoena witnesses. To the contrary, the first time the case came up for trial, Williams, who was acting pro se, explained that he was not ready for trial because the sheriff had not served Williams' 43 witness subpoenas. An attorney for the City of Atlanta moved to quash 30 of those subpoenas for insufficient service and because some of the witnesses had no personal knowledge of the case. After argument, the trial court determined that the sheriff's department had not properly served the subpoenas and granted the city's motion to quash. The court also granted Williams a continuance and appointed an attorney to assist him in the event the sheriff's office failed to serve the subpoenas properly.

When the case came back on for trial three months later, the trial court had appointed an attorney to assist Williams. While Williams reiterated that he wanted to represent himself, the court allowed the appointed attorney to argue a motion for discharge and acquittal based on Williams' speedy trial demand. After the court denied the motion, it asked Williams whether he had any additional matters to address, and Williams responded that he did not. Based on these facts, it is clear that the trial court did not err in failing to inquire about Williams' right to subpoena witnesses.

3. Williams claims he was prejudiced by ineffective assistance of counsel because his appointed counsel only subpoenaed some of Williams' witnesses and did not discuss the matter with him, leaving him "virtually unrepresented." After conducting his own defense during the State's presentation of its case, Williams chose to have his appointed counsel represent him during the remainder of the trial. Following the verdict, Williams again undertook to represent himself and did not move for a new trial before filing this appeal.

Williams thus failed to raise the issue of ineffective assistance of counsel at the earliest possible opportunity, and his claim is procedurally barred. "It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment." (Citation and punctuation omitted.) *Bailey v. State*, 264 Ga. 300 (443 SE2d 836) (1994).

[T]he rule that an ineffectiveness claim must be raised "at the earliest practicable moment" requires that that claim be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.

(Emphasis omitted.) *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).

4. Finally, Williams contends that the trial court was biased and prejudiced toward him, because it was "personally involved," had prior knowledge of his similar transactions, and wrongfully procured benefits to the State. OCGA § 15-1-8 provides that a judge may not preside over a case in which she is pecuniarily interested, is related to a party, or previously acted as counsel or judge. None of these situations apply in the case before us. Williams' complaints of bias and prejudice seem to stem from court rulings with which he did not agree, such as allowing into evidence the document Williams signed agreeing not to return to the airport and not allowing into evidence a prior judge's statements in a trial for a similar charge that resulted in an acquittal.

These rulings of the court, however, do not show bias against Williams simply because they were favorable to the prosecution, and violate neither OCGA § 15-1-8 nor the Code of Judicial Conduct, Canon 3 (E), which provides that "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. . . ." Further,

[i]n order to be disqualifying an alleged judicial bias must stem from an extra-judicial source and result in an opinion on the merits on some basis other than what the judge learned from his or her participation in the case. Although the definition of an "extra-judicial source" arguably includes previous judicial proceedings against a defendant, it has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

(Punctuation and footnotes omitted.) *Butts v. State*, 273 Ga. 760, 762-763 (3) (546 SE2d 472) (2001). This enumeration of error has no merit.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

592

Rady Williams, *pro se.*

Keith C. Martin, *Solicitor-General, Matthew M. McCord, Assistant Solicitor-General*, for appellee.