A03A0751. HARPER v. THE STATE.
(586 SE2d 336)

SMITH, Chief Judge.

Jimmy Harper appeals pro se from the denial of his motion to modify a 1986 sentence and to compel the State Board of Pardons and Paroles to grant parole on his behalf. For the reasons that follow, we affirm.

In October 1986, Harper was sentenced to imprisonment of 20 years for the offenses of armed robbery and aggravated assault. He was granted parole in 1995, which was revoked in April 2001 due to his March 2001 conviction for possession and sale of cocaine. He was subsequently notified by the State Board of Pardons and Paroles (the "Board") that because he was sentenced as a recidivist on the 1986 convictions pursuant to OCGA § 17-10-7 (c), he would not be considered for parole and would be discharged from confinement upon completion of his sentence. It appears to be undisputed, however, that Harper was *not* sentenced as a recidivist on the 1986 convictions.

Harper then filed a "Motion to Modify Sentence/Nunc Pro Tunc Order." He argued that the Board erroneously found that he was sen-

---

[22] See id.

tenced as a recidivist. He sought an order directing the agency having custody over him "to correct a clerical error on the recidivist punishment so defendant can make parole." He further requested the trial court "to modify the sentence by correcting and voiding the clerical error which is denying him parole and compel the Georgia Department of Corrections to comply with" the United States and Georgia Constitutions "to preclude false imprisonment pursuant to not being sentence[d] as a recidivist."

Harper appeals the denial of this motion. As best we can understand Harper's contentions, he seeks correction of a "clerical error" in his sentence. The State agrees on appeal that Harper was not sentenced as a recidivist with respect to the 1986 convictions. Nothing in the record indicates, however, that his actual 1986 *sentence* contains any "clerical error" that could be corrected by the trial court.[1] As the State correctly argues, Harper's "motion seeks to modify a clerical error that by all accounts, including Appellant's, does not exist." We therefore find no basis for requiring "correction" of the sentence.

To the extent that Harper's opaque motion to correct his sentence below and his equally vague brief on appeal requested the trial court, and now this court, to compel the Board to release him on parole, neither the trial court nor this court has jurisdiction to grant this request, under the separation of powers doctrine. See OCGA § 42-9-1.

Finally, Harper contends he was denied effective assistance of counsel in the trial court. But this issue was not raised in the motion from which this appeal is brought. Consequently, as correctly pointed out by the State, "there is no decision by the trial court as to that issue and thus no ruling to appeal." Harper failed to raise the ineffectiveness issue "at the earliest possible opportunity, and his claim is procedurally barred." *Williams v. State*, 257 Ga. App. 589, 590 (3) (571 SE2d 571) (2002).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED JULY 3, 2003.

Jimmy Harper, *pro se.*
Bryant G. Speed II, *District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.

---

[1] The trial court's order denying Harper's motion recites that Harper was sentenced on the armed robbery and aggravated assault to serve 20 years on each conviction, with the sentences to run concurrently.