# Court of Appeals
# of the State of Georgia

ATLANTA, __April 08, 2021__

*The Court of Appeals hereby passes the following order:*

**A21D0251. RANDALL DALE BINGHAM v. THE STATE.**

In his pro se application for discretionary appeal, Randall Dale Bingham claims that he was convicted in 2005 of aggravated assault and released on parole in 2017. In November 2020, he was arrested on new battery charges, and in January 2021, two years of Bingham's parole were revoked. In the new case, it appears that the trial court appointed Bingham counsel, but Bingham moved for appointment of "conflict-free" counsel. The trial court denied Bingham's motion, and he filed a document titled "Permission for Discretionary Appeal on Denial of Conflict Counsel and Order Seeking Stay of Transfer to Department of Corrections" in the Supreme Court, which did not include a trial court order. The Supreme Court obtained a January 5, 2021 order from the trial court denying Bingham's motion for the appointment of new counsel.[1] The Supreme Court then transferred the application to this Court. For reasons that follow, however, we lack jurisdiction.

First, Bingham's pro se application is a nullity because he appears to be represented by counsel in the trial court. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3)

---

[1] In his application brief, Bingham also purports to challenge his parole revocation. We do not have any parole revocation order before us. Moreover, under the separation of powers doctrine, we lack jurisdiction to review a challenge to parole revocation. *Harper v. State*, 262 Ga. App. 136, 137 (586 SE2d 336) (2003). See also OCGA § 42-9-1 ("the duties, powers, and functions of the State Board of Pardons and Paroles are executive in character and . . .no other body is authorized to usurp or substitute its functions for the functions imposed by this chapter upon the [State Board of Pardons and Paroles].

(767 SE2d 24) (2014) ("A criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney, and pro se filings by represented parties are therefore unauthorized and without effect."); accord *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017); *Jacobsen v. Haldi*, 210 Ga. App. 817, 818-819 (1) (437 SE2d 819) (1993).

Second, because the case remains pending below, the order Bingham seeks to appeal is interlocutory. The filing of an application for discretionary appeal does not excuse a party seeking appellate review of an interlocutory order from complying with the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – set forth in OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). Thus, even if Bingham's filing were not a nullity, the failure to follow the interlocutory appeal procedures would deprive this Court of jurisdiction over his application.

For the reasons discussed above, Bingham's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/08/2021__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.