### 34116. GIBBONS *v.* THE STATE.

GARDNER, P.J. 1. The defendant was indicted for murder. The jury returned a verdict of guilty of involuntary manslaughter in the commission of an unlawful act. The indictment charged that the defendant was operating his automobile while under the influence of intoxicating liquors, and traveling on his left-hand side of the road while meeting a motor vehicle. The evidence authorized the jury to find that at the time of the collision, which resulted in the death of the deceased, the defendant was guilty of each of the said unlawful acts. The verdict of guilty, therefore, is supported by the evidence.

2. There is one special ground, which assigns error because the court failed to charge the principle of law with reference to circumstantial evidence. There was no written request to charge this principle. Moreover, in the absence of a proper request to charge, it is never error to refuse to charge the law of circumstantial evidence unless the evidence is entirely circumstantial. The evidence in this case was not entirely circumstantial. The defendant admitted that he, in the operation of his automobile driven by him, collided with the automobile driven by the deceased. The deceased, as a result of the collision, received injuries which caused his death immediately after the collision. The accused further stated that he did not know how it happened. Such evidence was direct and not circumstantial. *Perry* v. *State*, 110 *Ga.* 234, 238 (36 S. E. 781). This special ground is without merit.

The court did not err in denying the amended motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 3, 1952.

*N. J. Smith*, for plaintiff in error.
*W. H. Lanier, Solicitor-General*, contra.