### A06A1653. CRONAN v. THE STATE.
(638 SE2d 827)

ELLINGTON, Judge.

In the second appearance of this case before this court,[1] Jonathan Cronan challenges the superior court's order enforcing his prison sentence.[2] The chain of events leading to this appeal began when the superior court allowed Cronan to remain free on a supersedeas bond while his first appeal was pending. On March 1, 1999, the superior court received the remittitur from this Court affirming Cronan's convictions. Neither the State, nor the superior court took immediate action to place Cronan in custody to serve his prison sentence. Over six years later, the State moved to enforce Cronan's sentence and requested that he be remanded into the custody of the Department of

---

[1] In *Cronan v. State*, 236 Ga. App. 374 (511 SE2d 899) (1999), we affirmed Jonathan Cronan's convictions of first degree vehicular homicide (driving under the influence of marijuana), OCGA § 40-6-393 (a), first degree vehicular homicide (speeding and following too closely), OCGA § 40-6-393 (a), driving under the influence of marijuana, OCGA § 40-6-391 (a) (2), reckless driving, OCGA § 40-6-390, and possession of less than one ounce of marijuana, OCGA § 16-13-30.

[2] The trial court merged all of Cronan's convictions into the first degree vehicular homicide conviction and sentenced him to serve seven years in prison followed by eight years on probation.

Corrections. The trial court granted the State's motion, and Cronan appeals, asserting that (1) the trial court should have concluded that he began serving his sentence when the remittitur was returned to the superior court; and (2) the State is precluded from enforcing his sentence because of its unreasonable delay. Finding no error, we affirm.

The seminal case governing our resolution of these issues is *Huff v. McLarty*, 241 Ga. 442 (246 SE2d 302) (1978), in which the Supreme Court held:

> A sentence is not voided because of the state's delay in attempting to enforce it. This appears to be a prevalent rule. Of course, there is some point at which a state's unreasonable delay will be deemed to prevent later enforcement of the sentence. Where the state makes no move to initiate the sentence, the defendant must offer himself up if he wishes the term to begin to run. Moreover, an offer which is premature because the sentence may not yet be put into effect, is ineffective and may not be deemed continuing. The defendant's offer must come at a time when the sentence may lawfully be put into effect.

(Citations omitted.) Id. at 446. Because the defendant in *Huff* presented himself to the county solicitor and the trial judge who sentenced him and asked if he could pay his fine in installments, the Supreme Court ruled that he had complied with the requirement "[to] offer himself up." Id. As a result, the defendant's 12-month period of probation began to run at that time. Because the probationary period expired long before the Supreme Court issued its opinion, it held that the defendant's sentence was complete. Id. The Supreme Court did not analyze whether there had been an unreasonable delay by the State in enforcing the defendant's sentence, perhaps because its holding that the defendant's sentence was complete rendered this issue moot.

a. Cronan asserts that we should find that he has already served the vast majority of his prison sentence because he continued to report to the superior court's pretrial services department after the return of the remittitur, and thereby offered himself up for service of his sentence. We disagree. Unlike the defendant in *Huff*, supra, Cronan did not offer to begin serving his sentence when this Court affirmed his convictions. Compare *Maxwell v. State*, 188 Ga. App. 862 (374 SE2d 800) (1988) (defendant made arrangements with employer for leave and requested to be taken into custody). Instead, he acquiesced in the delay of the execution of his sentence by continuing to report to the pretrial services department as though his appeal were

still pending. See *Volker v. McDonald*, 233 NW 890, 892 (Neb. 1931) (defendant acquiesced in ten-year delay of his sentence execution by failing to inquire about the status of his case). As a result, he cannot now assert that his sentence began to run when he should have, but failed to, offer himself up for service of his sentence.

b. Cronan asserts, in the alternative, that even if his sentence had not already begun to run, the State's unreasonable delay precluded it from enforcing his sentence. In support of this argument, Cronan relies upon the following dicta from *Huff*, supra, "[o]f course, there is some point at which a state's unreasonable delay will be deemed to prevent later enforcement of the sentence. E.g., *Yates v. Buchanan*, 170 S2d 72 (Fla. App. 1965)." *Huff*, supra. Our research has revealed no Georgia cases applying or analyzing this dicta. The opinion referenced by the Supreme Court in *Huff*, supra, also fails to provide us with guidance.

Based on our review of *Huff*, supra, we do not believe that this dicta should be read in isolation from the requirement that a defendant offer himself up for service of his sentence. Thus, unreasonable delay by the State will preclude it from later enforcing the sentence only if the defendant has offered to begin serving his sentence. Under this framework, a defendant will begin serving his sentence at the time he offers to serve his sentence. If the State unreasonably delays in subsequently seeking to enforce the sentence, it will be barred from enforcing the remainder of the defendant's sentence that has not yet run. In this case, the unreasonable delay analysis does not apply because Cronan failed to offer himself him up for service of his sentence.[3]

Based on the above, the trial court properly granted the State's motion to enforce Cronan's sentence.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 15, 2006 — 

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.

---

[3] We note, however, that even if Cronan is entitled to an unreasonable delay analysis, the State's delay in this case was not unreasonable. See *Mobley v. Dugger*, 823 F2d 1495 (11th Cir. 1987) (finding defendant could be incarcerated to serve sentence even though he remained free for seven years after his appeal was denied).