## A07A2203. KIRK v. THE STATE.
(656 SE2d 251)

MIKELL, Judge.

After a jury trial, Donald Kirk was convicted of vehicular homicide in the second degree and improper lane change. On appeal, Kirk seeks the reversal of his conviction because the trial court failed to give his written request to charge on circumstantial evidence. We affirm.

On appeal, we view the evidence in the light most favorable to the jury's verdict, and the appellant no longer enjoys the presumption of innocence. This Court does not weigh the evidence or determine witness credibility, but only determines if the evidence was sufficient for a rational trier of fact to find appellant guilty of the charged offense beyond a reasonable doubt.[1]

Viewed in favor of the verdict, the evidence shows that on February 3, 2006, Kirk was driving an 18-wheeler tractor-trailer truck eastbound on Interstate 20 in DeKalb County. According to the eyewitness testimony, Kirk attempted to change lanes to the left, striking the vehicle driven by the victim on the passenger side, causing it to careen out of control, crashing into the median wall, then back into

---

[1] (Punctuation and footnote omitted.) *Gregory v. State*, 277 Ga. App. 664, 665 (1) (627 SE2d 79) (2006).

the lanes of travel where it was hit by a second 18-wheeler tractor-trailer truck. The eyewitnesses were the driver of the car behind Kirk's truck and the driver of the second tractor-trailer. Consistent with the eyewitnesses' testimony, the investigating officer testified that he concluded that Kirk's improper lane change and subsequent contact with the decedent's vehicle caused the decedent to lose control, spin out, strike two guardrails, and be struck by the second tractor-trailer. The medical examiner opined that the decedent's cause of death was blunt force trauma to the head. He also testified that he could not determine which impact caused the blunt force trauma that resulted in the decedent's death, but that any one of the various impacts, alone, could have caused the decedent's death.

The court charged the jury on direct and circumstantial evidence as follows:

> Evidence may be either direct or circumstantial or both. Direct evidence is evidence that points immediately to the question at issue. Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may infer other related or connected facts that are reasonable and justified in the light of your experiences.

However, the court did not give Kirk's written request to charge that "[t]o warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt, but must exclude every other reasonable theory other than the guilt of the accused." Kirk maintains that this charge was required because the medical examiner's testimony constituted circumstantial evidence of his guilt. We disagree.

There was direct evidence in the form of eyewitness testimony that the accident occurred because Kirk struck the decedent's car. Additionally, contrary to Kirk's contention, the testimony of the medical examiner constituted direct, not circumstantial, evidence that the accident caused the decedent's death; that one of the impacts caused the blunt force trauma to the decedent's head; and that any of the impacts, alone, could have caused the blunt force trauma.[2] "[I]t has long been the rule in this state that a request to charge must be correct, even perfect, and that it must also be legal, apt, precisely

---

[2] See *Ryals v. State*, 193 Ga. App. 68, 69 (2) (387 SE2d 33) (1989) (medical testimony of victim's injuries and the cause thereof was direct evidence); accord *Tillery v. State*, 225 Ga. App. 89, 90 (1) (483 SE2d 333) (1997) (pathologist's testimony is not required to determine cause of death); *Beaman v. State*, 161 Ga. App. 129 (1) (291 SE2d 244) (1982) (jury could determine cause

adjusted to some principle involved in the case and be authorized by the evidence. Furthermore, it is never error to refuse to charge on an issue which is not adjusted to the evidence."[3] As Kirk's proposed charge was not adjusted to the evidence, the trial court's refusal to give the charge was not erroneous.

Even if the charge were warranted, however, we would not reverse Kirk's conviction because the failure to give the charge is harmless in the face of overwhelming guilt.[4] In vehicular homicide cases involving intervening causes, the inability to specify which of the intervening causes proximately caused the injury or death is not determinative of the defendant's guilt.[5] To support a conviction for vehicular homicide, the jury must conclude, as they did here, that

> the defendant's conduct was the "legal" or "proximate" cause, as well as the cause in fact, of the death. An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.[6]

In accordance with these principles, the trial court charged the jury as follows:

> In vehicular homicide cases the State must prove that the Defendant's conduct was the legal and proximate cause as well as the cause in fact of the death. If in a given case the injury or death complained of did not flow naturally or directly from the wrongful act or omission attributed to the

---

of death from description of injuries); *Gibbons v. State*, 86 Ga. App. 468 (2) (71 SE2d 663) (1952) (evidence that defendant caused the accident and that decedent died from injuries sustained therein was direct evidence).

[3] (Citation omitted.) *Hall v. State*, 273 Ga. App. 203, 206 (3) (614 SE2d 844) (2005).

[4] *Gregory*, supra at 668 (4).

[5] See *McGrath v. State*, 277 Ga. App. 825, 829 (1) (627 SE2d 866) (2006) (jury rejected intervening proximate causes, finding the defendant guilty of vehicular homicide); *Ponder v. State*, 274 Ga. App. 93, 95-96 (1) (616 SE2d 857) (2005) (defendant guilty of vehicular homicide where decedent was struck and killed by oncoming car after attempting an evasive maneuver to avoid colliding with the defendant); *Davis v. State*, 245 Ga. App. 402, 403 (1) (538 SE2d 67) (2000) (second degree vehicular homicide conviction affirmed where driver crashed into a tree and a fire started in the vehicle, where evidence was undisputed that victims did not die from the impact but from the fire).

[6] (Citations and punctuation omitted.) *Pitts v. State*, 253 Ga. App. 373, 374-375 (1) (559 SE2d 106) (2002). Accord *McGrath*, supra ("as long as the defendant's negligence proximately caused the injury of another, the crime [of vehicular homicide] has been committed, even if there are other factors which also are proximate causes of the injury") (citations omitted).

Defendant or could not have reasonably have been expected to result there from, but for the intervening independent unforeseen cause[,] the Defendant's preceding wrongful act or omission would not be the proximate cause [o]f the injury or the death complained of.

The jury obviously concluded that irrespective of which impact actually caused the blunt force trauma to the decedent's head, Kirk proximately caused the decedent's death because his conduct played a substantial part in bringing about or causing the decedent's death. Accordingly, we affirm Kirk's conviction.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 8, 2008.

*Head, Thomas, Webb & Willis, Jackie G. Patterson,* for appellant.
*Robert D. James, Jr., Solicitor-General, Angelique B. McClendon, Assistant Solicitor-General,* for appellee.