### A10A0819. KIRK v. THE STATE.
(694 SE2d 166)

ELLINGTON, Judge.

A DeKalb County jury found Donald Kirk guilty beyond a reasonable doubt of vehicular homicide in the second degree, OCGA § 40-6-393 (c); and improper lane change, OCGA §§ 40-6-1 (a); 40-6-48 (1). On May 3, 2007, the trial court entered judgment and imposed the following sentence: sixteen months incarceration, of which all but two days (already served) were probated, twelve months driver's license suspension, defensive driving training, 180 hours community service, $1,500 fine, $39 per month supervision fee, and court costs. Kirk appealed his conviction, and this Court affirmed. See *Kirk v. State*, 289 Ga. App. 125 (656 SE2d 251) (2008).

On July 29, 2009, more than 16 months after the remittitur of this Court was returned and made the judgment of the trial court, the State filed a motion "to lift the suspension of sentence and formally impose" the sentence reflected in the trial court's May 3, 2007 judgment.[1] Kirk objected, arguing that the sentence automatically expired before the State filed its motion. After a hearing, the trial court granted the State's motion and restated the terms of the May 3, 2007 judgment. Kirk appeals, arguing that his probated sentence expired before the hearing, and, therefore, the trial court erred in "resentencing" him.[2]

OCGA § 17-10-9 provides, in pertinent part:

. . . In cases which are appealed to the Georgia Court of Appeals or the Georgia Supreme Court for reversal of the conviction, [a criminal] sentence shall be computed from the date the remittitur of the appellate court is made the judgment of the court in which the conviction is had, provided the defendant is not at liberty under bond but is incarcerated or in custody of the sheriff of the county where convicted. . . .

---

[1] Despite the State's request that the trial court "impose sentence," it is evident from the record that the State merely sought a declaration that enforcement of the judgment was no longer stayed by Kirk's direct appeal.

[2] See OCGA § 42-8-37 (a) ("Upon the termination of the period of probation, the probationer shall be released from probation and shall not be liable to sentence for the crime for which probation was allowed[.]").

When the defendant is "at large" when the remittitur is made the judgment of the sentencing court, on the other hand, the defendant "shall not receive credit for any time before entering upon [his or her] incarceration or other penalty." *Huff v. McLarty*, 241 Ga. 442, 445 (246 SE2d 302) (1978). In *Huff v. McLarty*, the Supreme Court of Georgia held that, when a defendant remains at liberty but not under bond during the appeal of a probated sentence, the probationary period does not automatically begin to run on the date the remittitur of the appellate court is made the judgment of the trial court. 241 Ga. at 445-446. Rather, the running of the probationary period "must await some act which would cause it to begin." Id. at 446.

The act that causes a probationary period to run in such a case may be an act of the State or an act of the defendant. *Huff v. McLarty*, 241 Ga. at 446. "A sentence is not voided because of the [S]tate's delay in attempting to enforce it. . . . Where the [S]tate makes no move to initiate the sentence, the defendant must offer himself up if he wishes the term to begin to run." (Citations omitted.) Id. Even when the State's delay in attempting to enforce a sentence is unreasonable, such delay will be deemed to prevent later enforcement of the sentence only if the defendant has offered to begin serving his sentence. *Cronan v. State*, 282 Ga. App. 408, 410 (b) (638 SE2d 827) (2006).

As in *Huff v. McLarty*, the judgment permitted Kirk to serve his sentence on probation, Kirk appealed the judgment while remaining at liberty but not under bond, and Kirk was still at liberty on the date the remittitur of this Court was made the judgment of the trial court. Kirk has not identified any act on his part that he contends constituted offering himself up to suffer the punishments the trial court imposed for his offenses. As a result, contrary to Kirk's contention, the probationary period did not expire before the hearing on the State's motion to enforce his sentence. *Cronan v. State*, 282 Ga. App. at 410 (b).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED APRIL 7, 2010.

*Jackie G. Patterson*, for appellant.
*Robert D. James, Jr., Solicitor-General, Desiree Laster-Hayes, Assistant Solicitor-General*, for appellee.